## FORT WORTH INDEPENDENT SCHOOL DIST. v. HODGE.

### No. 13498.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 2, 1936.

W. D. Smith and R. M. Rowland, both of Fort Worth, for appellant.

C. H. Milliken and Joe S. Davies, both of Fort Worth, for appellee.

BROWN, Justice.

This is a condemnation suit brought by Fort Worth Independent School District, appellant, against appellee, Hodge, to obtain title to and possession of two lots owned by appellee in the city of Fort Worth.

The petition is in proper form and contains all of the allegations required under article 3264, R.C.S. (as amended by Acts 1934, 2d Called Sess., c. 37, § 1 [Vernon's Ann.Civ.St. art. 3264]), including the allegation that the plaintiff and the owner have been unable to agree upon the value of the land.

Appellee filed a plea in abatement urging that the trial court is without jurisdiction, "for the reason that at no time prior to the filing of this proceeding has the plaintiff herein ever made an offer of any amount of money to this defendant as compensation for the taking of the property involved in this case; defendant further alleges that at no time prior to the commencement of this proceeding was he ever approached or consulted by plaintiff or any of its agents in regard to the value of his property; that he was offered no opportunity whatever to agree with plaintiff on a fair and reasonable price for said property prior to the commencement of this proceeding and that plaintiff and defendant did not fail to agree on the price for said property prior to the commencement of said proceeding for the reason that no effort whatever was made by plaintiff to agree with this defendant on the price for said property as required by law."

After a hearing on such plea the trial court sustained it and dismissed the suit. Hence the appeal.

We are unable to agree with the conclusions reached by the trial court.

■ Analyzing the testimony of Hodge, himself, we are driven to the conclusion that this case is "on all fours" with those cases in which the wholesome doctrine is established that where it appears from the entire record and proceedings that the parties could not have agreed upon the amount to be paid, it is not necessary to make a formal effort to agree upon the amount.

This doctrine is approved in the case of Clements v. Fort Worth & D. S. P. R. Co. (Tex.Civ.App.) 7 S.W.(2d) 895, which is cited and relied upon by appellee Hodge.

The instant suit is aptly illustrated by the facts in the case of McKenzie v. Imperial Irrigation Co. (Tex.Civ.App.) 166 S.W. 495 (writ refused). The evidence which the Court of Civil Appeals considered sufficient came from the lips of the agent of the condemnor, and is: "That in March, 1910, he asked appellant what he was willing to settle the matter for, and McKenzie asked such a price that it was impossible for him to agree to same; that it was impossible to do so; that they never came to any agreement."

In our opinion the facts adduced here are stronger than those found sufficient in the McKenzie Case.

It is undisputed that the duly authorized agent of the condemnor several times asked appellee what price he placed on the lots, and that appellee never gave him a price; that such agent attempted to get appellee to sign a contract of sale stipulating for the price of $1,500, but that appellee declined to sign the contract. Appellee finally testified that he thought $2,000 would have been the right price. It is undisputed that the agent was not authorized to make any such offer. Appellee testified that he would have rejected any offer made that he did not consider fair; that he would not have considered any offer which was less than the value of his lots, and he considered the value then and now to be $2,000.

■ It is undisputed that the attorney for the condemnor on March 7, 1935, wrote appellee a letter in which the following language is used: "The Board of Education of Fort Worth Independent School District has instructed me to file a condemnation suit against you for the purpose of acquiring for school purposes Lots Nos. 8 and 9 in Block 29, University Place. I understand that the Board of Education has offered you a price which it believes represents the full value of the lots at this time, but that you have rejected such offer and are demanding a much higher price. I thought I would do you the courtesy to give you this notice in advance of the actual filing of the condemnation suit, so that if you so desire you may agree to the terms offered by the Board and avoid litigation. The condemnation suit will be filed within the next two or three days unless within that time you come to an agreement with the Board of Education."

Hodge admits that he received a letter advising him condemnation proceedings would be instituted. He does not admit receiving the letter quoted above, but contents himself with testifying that he does not remember receiving it. The author of the letter, attorney for the condemnor, identified a carbon copy of the letter, made when the original was made; testified that he stamped same and placed it in the United States mail; that it was not returned to him (the writer), although the envelope conveying it had his correct return address thereon; and that this was the only letter written by him to Hodge.

The negative testimony of Hodge, to the effect that he does not remember receiving this letter, but that he did receive a letter from the writer telling him the lots would be condemned, is not sufficient evidence to raise an issue of his not having received the letter.

■ If appellee can abate the condemnation proceedings before us, under the facts disclosed, then he can abate every such proceeding undertaken by simply declining to name a price for his lots, by answering all questions concerning the price in an evasive manner, or by just saying nothing when approached by an agent of the condemnor on the question of selling his lots to the condemnor.

We think a deal of common sense should be read into every statute, and, applying such rule, we think the provisions of the statute under discussion have been substantially complied with.

Accordingly, the judgment of the trial court, sustaining appellee's plea in abatement, is reversed, and said plea is overruled, and the cause is remanded to the trial court for a trial on the merits.