**COUNTY OF NUECES, Appellant,**

v.

**A. L. RANKIN et ux., Appellees.**

No. 3310.

Court of Civil Appeals of Texas.

Eastland.

May 24, 1957.

Fisher Alsup, Asst. County Atty., Nueces County, Corpus Christi, for appellant.

George Prowse, Fred C. Reeder, Corpus Christi, for appellees.

LONG, Justice.

This is a condemnation suit instituted by Nueces County against A. L. Rankin and wife, Evelyn Rankin, for certain property situated in said county to be used for the erection of a county juvenile shelter. The county filed its petition for condemnation on November 4, 1954, and thereafter three special commissioners were duly appointed by the county judge to determine the damages to the property owners. On March 23, 1955, the commissioners awarded the property owners damages for the taking of their property in the sum of $11,500. Both parties, not being satisfied with the award, appealed therefrom. The case was thereafter tried in the County Court at Law before a jury. The jury awarded the property owners $13,800 as damages for the property taken and found in answer to other special issues that the county did not, prior to the institution of the condemnation proceedings, make a bona fide effort to agree with Rankin and wife on the amount of damages that would be sustained by them as a result of the county taking the land in question. The court entered judgment for the Rankins upon the verdict of the jury and ordered the county to make restitution of the property to Rankin and his wife. The county has appealed.

It is the contention of appellant that the evidence conclusively shows the county did

make a bona fide effort to agree with the land owner on the amount of compensation to be paid for the property prior to the institution of the condemnation proceedings and that the court, therefore, erred in rendering judgment in favor of the appellees and in not rendering judgment for the appellant.

 Article 3264 of Vernon's Annotated Civil Statutes provides in part that any governmental agency or subdivision desiring to condemn land must, before the institution of condemnation proceedings, make a bona fide effort to agree with the land owner on the amount of compensation to be paid therefor. The purpose of this statute is to forestall litigation and to prevent needless appeals to the courts when the matter may have been settled by negotiations between the parties. Fort Worth Independent School District v. Hodge, Tex.Civ.App., 96 S.W.2d 1113.

■ We have given the evidence our most careful consideration and have concluded from an examination thereof that an issue of fact was raised as to whether the county, prior to the condemnation proceedings, did make a bona fide effort to agree with the appellees on the compensation to be paid for the property involved. We believe that reasonable minds might differ on this question. This being true, it is clearly an issue to be determined by the jury. The jury having heard the evidence and in answer to special issues found that the county did not make a bona fide effort to agree with the appellees on the compensation to be paid for the property. The trial court was required to enter judgment for appellees. There is no evidence that any of the persons who contacted appellees about this matter had any authority to make an offer for the property which would bind the county. There are many facts and circumstances which support the verdict of the jury.

■ Appellant contends that the appellees by appearing before the special commissioners and resisting the condemnation proceedings thereby waived the lack of efforts on the part of appellant to reach a settlement. We do not agree with this contention. It was incumbent upon appellant, if it desired to rely upon waiver, to affirmatively plead such waiver. Rule 94, Texas Rules of Civil Procedure. Furthermore, the case was not tried upon this theory. Appellant specifically pleaded that an effort was made to reach an agreement with the appellees as to the damages prior to the institution of the condemnation proceedings. This issue was submitted to the jury and found against appellant. The judgment of the trial court is affirmed.