**A. L. RANKIN and Wife, Evelyn Rankin, Appellants,**

v.

**NUECES COUNTY, Texas, Appellee.**

No. 13347.

Court of Civil Appeals of Texas.

San Antonio.

April 23, 1958.

Rehearing Denied May 21, 1958.

George Prowse, Fred C. Reeder, Corpus Christi, for appellants.

Fisher Alsup, Wood, Pratt & Boykin, Corpus Christi, for appellee.

POPE, Justice.

Appellants, A. L. Rankin and wife, Evelyn Rankin, filed a trespass to try title

suit against defendants, Nueces County and the members of the Commissioners' Court. Appellants, ancillary to that suit, sought a temporary injunction against the County restraining the condemnation of their land involved in the trespass to try title action. The trial court refused to grant the injunction, and appellants appealed. The facts were all stipulated.

■ Sometime prior to April, 1955, Nueces County commenced proceedings against appellants for the purpose of condemning the land in question. The County deposited into the registry of the court the sum of $11,500 the amount of the award of the Special Commissioners, and took possession of the land. The Rankins withdrew that award and still retain it. Nueces County has been in possession of the land since that time. The County Court at Law held that Nueces County had no right to condemn the land, and that judgment was affirmed on appeal. County of Nueces v. Rankin, Tex.Civ.App., 303 S.W. 2d 455.

■ On January 9, 1958, the Rankins filed this trespass to try title suit. On January 29, 1958, Nueces County filed a second condemnation proceeding against the Rankins to condemn the land. The County Judge named the Special Commissioners, and they set a hearing on the assessment of damages for February 10, 1958. The Rankins then sought, and on February 8 obtained an order restraining the hearing. The hearing for the temporary injunction was heard on February 17, and the trial court dissolved the restraining order and denied the injunction.

In their trespass to try title suit, the Rankins asked for title, possession and damages, and sought to enjoin defendants from (1) taking further action of any kind or character in the condemnation matter, and (2) from holding any hearing on February 10, or at any other time for the purpose of assessing damages by reason of the proposed taking of the land. In other words, they asked the District Court, in which the title suit was pending, to enjoin the condemnation proceedings in the County Court. The District Court refused to enjoin the County's condemnation suit, no doubt, upon the authority of Gregg v. Lower Nueces River Water Supply District, Tex.Civ.App., 303 S.W.2d 812.

The decision in the earlier condemnation suit was not res judicata, but held only that the County failed to make a bona fide effort to agree with the landowner of compensation to be paid for the land, as required by Article 3264, Vernon's Ann. Civ.Stats. County of Nueces v. Rankin, supra. In Gregg v. Lower Nueces River Water Supply District, supra, this Court recently held that Article 3269, Vernon's Ann.Civ.Stats., did not compel a condemnor to try the condemnation issues in the District Court, though the landowner first sued the condemner in trespass to try title in the District Court. In our opinion, that case is controlling.

The judgment is affirmed.