**Harvey C. HOLCOMB et ux., Appellants,**

v.

**CITY OF DALLAS et al., Appellees.**

No. 7045.

Court of Civil Appeals of Texas.

Texarkana.

July 15, 1958.

Rehearing Denied Aug. 5, 1958.

Charles J. Winikates, Dallas, for appellants.

H. P. Kucera, Ted P. MacMaster, A. A. McDaniel, Dallas, for appellee.

DAVIS, Justice.

This suit was originally filed by Harvey C. Holcomb, et ux., as a trespass for damages to trees and shrubbery destroyed by Cullum Construction Company, as contractor for the City of Dallas in the construction of a city storm sewer. The City of Dallas reconvened in condemnation under Article 3269, Vernon's Annotated Texas Civil Statutes, seeking an easement for the storm sewer. Holcomb and wife sued Cullum Construction Company and the City of Dallas in June, 1956. Prior to the filing of this suit, the City of Dallas, in December, 1955, commenced condemnation proceedings

in the County Court of Dallas County to condemn the proposed easement. The commissioners appointed made their award, the County Judge issued orders, and the city paid the money fixed by the Board of Commissioners into the registry of the court. The award money was withdrawn by Holcomb and wife who filed exceptions to the award and upon a trial in the County Court in March, 1956, a jury found that the city did not make a bona fide effort to settle with Holcomb and wife prior to the commencement of the condemnation proceeding and the condemnation proceeding was dismissed for want of jurisdiction. At that time the storm sewer had already been constructed and the city made no further effort to institute valid and legal condemnation proceedings.

Upon trial the Holcombs pleaded replacement costs and intrinsic value of the trees and shrubbery as their measure of damages. The city excepted to this pleading after filing their cross-action to condemn, which exceptions were sustained. The Holcombs also pleaded the illegal condemnation proceeding and illegality of the entry. Exceptions to this portion of the proceedings by the city were sustained; yet, the city was permitted to plead and prove that it had instituted condemnation proceedings and that the entry was made by virtue of an order of the County Court. The case was tried to a jury and special issues were submitted in substantial compliance with the case of State v. Carpenter, Tex.Com. App., 126 Tex. 604, 89 S.W.2d 194, opinion approved by Supreme Court, motion for rehearing overruled 126 Tex. 604, 89 S.W.2d 979, opinion approved by Supreme Court.

Judgment was entered based upon the findings of the jury from which the Holcombs have perfected their appeal and bring forward eight points of error.

■ In their first three points they complain of the action of the trial court; (1) In dismissing Cullum Construction Company from the lawsuit; (2) in not permitting the Holcombs to plead as their measure of damage the replacement cost of trees and shrubbery destroyed; and (3) in not permitting the Holcombs to plead as their measure of damage the intrinsic value of the trees which were too large to replace and, therefore, had no market value. These three points are answered by the majority opinion in the case of Glade v. Dietert, Tex., 295 S.W.2d 642. We feel compelled to follow that decision; although, there is this distinction between the cases: In the Glade v. Dietert case, supra, the City of Fort Worth immediately commenced condemnation proceedings to condemn an easement along the property involved before Dietert filed his suit for damages; in this case, the city neither appealed, nor was it diligent in commencing a valid condemnation proceeding. But, in view of the holding of the majority of the Supreme Court in Glade v. Dietert, supra, we do not feel that it would justify a different holding in this case. The Holcombs cite no authority in support of their Point 1, except the dissenting opinion in Glade v. Dietert, supra. Points 1, 2, and 3 are overruled.

■ By Point 5, appellants complain of the action of the trial court in sustaining the city's exceptions to that part of their petition wherein they pleaded that the city did not make a bona fide attempt to settle the controversy before filing its cross action to condemn the property. Appellants cite us to no authority in support of this contention and we have found none. It seems that Article 3269 is a special statute that authorizes condemnation by reconvention in a case such as we have here, and we hold that an attempt to settle the controversy after the suit was filed by the appellants was not necessary as in an ordinary condemnation proceeding. Rankin v. Nueces County, Tex.Civ.App., 313 S.W.2d 331, and authorities therein cited. Point 5 is overruled.

■ By Point 6, appellants complain of the action of the trial court in sustaining

the special exceptions by the city to their supplemental petition wherein they pleaded res adjudicata. This point, too, is settled contrary to appellants' contentions by the decision in the Rankin v. Nueces County, supra. The point is overruled.

By Point 7 appellants complain of the instruction given by the trial court in its charge relative to the use the Holcombs could make of the property without interfering with the sewer. The part complained of is as follows:

"In connection with the easement sought herein by the City of Dallas, you are instructed that the storm sewer therein constructed is a subsurface structure lying beneath the ground, and the plaintiff, Harvey C. Holcomb, and his wife, Christine E. Holcomb, shall have the right to construct a building or buildings over and above said storm sewer save and except the special in-

let structure and manhole provided. However, no pier, foundation, footing, beam or piling shall be permitted to rest directly upon the storm sewer and if in the maintenance of said sewer should it become necessary to remove or disturb any improvements across said easement, then and in that event the City of Dallas shall pay all costs in connection with the removal and restoration of said improvements."

Our Supreme Court, in the recent case of Texas Power & Light Co. v. Cole, 313 S.W.2d 524, rehearing denied June 11, 1958, discussed such an instruction at length and held contrary to the contention of appellants. The point is overruled.

Appellants' 4th and 8th points are without merit and are respectfully overruled.

The judgment of the trial court is affirmed.