TEXAS ELECTRIC SERVICE COMPANY,
Appellant,

v.

Tom LINEBERY and Evelyn Linebery,
Individually and as Trustee, etc.,
Appellees.

No. 5364.

Court of Civil Appeals of Texas.

El Paso.

March 9, 1960.

Perkins & Bezoni, Midland, John R. Lee, Kermit, for appellant.

George Finley, Finley, Dickie & Scogin, Kermit, for appellees.

LANGDON, Chief Justice.

This is a suit brought by appellees Tom Linebery and Evelyn Linebery, individually and as trustee under the will of W. F. Scarborough, deceased, for Leta Scarborough and Lucile Scarborough, for actual and exemplary damages for an alleged trespass, on the part of appellant, Texas Electric Service Company, in the unauthorized construction of an electric transmission line over and across approximately 75 feet of ranch land in Winkler County, and for a writ of injunction restraining appellant from using and maintaining said electric transmission line over said land, the surface of which is owned by appellees. Appellant, in answer to appellees' petition, filed an answer asserting a right to use and maintain the electric transmission line in question, under and by virtue of a written easement from appellees' predecessor in title, W. F. Scarborough. Appellant filed a cross-action for judgment confirming its right to use and maintain said electric transmission line by virtue of its written easement; and, in the alternative, appellant filed a cross-action in the nature of a condemnation, pursuant to Article 3269, Vernon's Annotated Civil Statutes of Texas, to acquire an easement and right of way across the lands of appellees for purposes of maintaining the line in question.

Based upon a jury verdict, the court entered judgment against appellant for the sum of $608 actual damages, and for the sum of $3,500 exemplary damages and title and possession of the property upon and across which the electric transmission line in question was located. The trial court disregarded the jury's answers to Questions Nos. 13, 14, 15 and 16, and entered judgment based solely on the jury's answers to Questions Nos. 1 to 5, inclusive, overruling appellant's motion for judgment awarding it an easement based upon the jury's answers to Questions Nos. 13 and 14; and, in the alternative, judgment awarding it an easement based upon the jury's answers to Questions 13 to 16, inclusive.

All prerequisites to this appeal have been complied with, and this cause is properly before us.

Appellant's appeal is predicated upon 23 points of error, all of which have been grouped by appellant into eight groups for purposes of argument, and will be discussed by us in the same manner.

By its first five points of error, Group I, directed against the trial court's submission of Question No. 4 (which reads as follows:

"Question No. 4.

"What do you find from a preponderance of the evidence, was the difference in the reasonable cash mar-

ket value of the surface of Section 18, Block 74, PSL, Winkler County, Texas, immediately before and immediately after the defendant's transmission line was erected thereon, if you have so found?

"Answer in dollars and cents, or none.

"Answer: ——— ———.")

appellant contends that the trial court erred in entering judgment based upon the jury's answer to Question 4 for the reason, (1) that there was no competent evidence upon which the jury's answer to said question could be based; (2) because the jury's answer to said question was against the overwhelming preponderance of the evidence and was not based upon substantial evidence; (3) that the court erred in overruling appellant's motion for new trial because there was no evidence to raise Question 4 and require its submission to the jury; (4) because the language contained in said question informed the jury of the nature and effect of their answer thereto; and (5), because such question, as submitted to the jury, was duplicitous and inquired of the jury the answer to two ultimate issues involved in this case.

Appellees in this case, as plaintiffs below, brought this action based upon an alleged invasion and occupancy of their lands by appellant. In such cases there is but a single cause of action, based upon the primary right of every person to be free from injury to his person or property. Here, appellees had several alternative remedies available to them for the redress of the alleged wrongful acts of defendant-appellant.

The right asserted by appellees in this action is the right to be free from the alleged trespass upon their lands and the continued occupation of such lands by appellant. To assert this right, appellees could sue for the trespass and recover damages for the continued occupation of such lands; appellees might also have sued in trespass to try title (ejectment) to recover title and

possession of the land, as well as for damages; or appellees might have elected to treat the occupancy as permanent and sue for compensation for the entire harm to the possessory interest in the land and, connected therewith, by the permanent presence on the land of appellant's electric transmission line.

Appellant is a public utility under the terms and conditions of Title 32, Chapter 10, Vernon's Annotated Civil Statutes of Texas, and, as such, it has the right of eminent domain.

■ An examination of the pleadings filed in this suit by appellees reflects that the cause of action being asserted by appellees was one for damages to the land occasioned by the wrongful trespass of appellant, and for a permanent injunction, the granting of which would effect the ouster of appellant from the continued occupancy of the land and terminate the trespass. The appellees failed to establish by competent evidence that the mere erection of the line over and across 75 feet of their land resulted in permanent damage to the land; thus, it appears that the damage, if any, to appellees' land caused by the construction of the line, as distinguished from its remaining on the land permanently, resulted in, at most, no more than mere temporary, or reparable, injury.

■ The rule in Texas is settled that damages may be recovered only for such loss or injury as has accrued up to the time of trial, where the injury is shown to be only temporary in its character, and capable of being avoided in the future without permanent injury to the freehold. The recovery in such case is not the difference between the market value of the land immediately before and immediately after the injury, for that measure would permit of a recovery of prospective damages. Gulf Pipe Line Co. v. Hurst, Tex.Civ.App., 230 S.W. 1024; Lone Star Gas Co. v. Hutton, Tex.Com.App., 58 S.W.2d 19; Parsons v. City of Athens, Tex.Civ.App., 78 S.W.2d 1098; 15 Am.Jur. 519, ¶ 110.

"Damages are to be measured by the diminution in the market value of the realty affected only where the injury is permanent, or the nuisance complained of is from its nature permanent." (13 Tex.Jur. 152, ¶ 57).

In answering Question No. 4, the jury was not confined to a determination of the amount of damages caused appellees' land by appellant's act of entering upon the land and erecting an electric transmission line, but permits the jury to assume that such electric transmission line would remain on the premises and thus constitute a continuing trespass, for which the jury might award damages for the entire harm to the possessory interests in the land and, connected therewith, for the permanent presence on the land of appellant's transmission line.

Appellant had an easement for the construction and maintenance of an electric transmission line over appellees' land and, mistakenly believing it had a right to do so, constructed a second line running laterally to its main line from an existing pole on its easement across 75 feet of appellees' land to another pole on an adjoining tract of land in which appellees have no interest. While appellant contends that it had a right to erect the lateral line under the terms and conditions of its easement, as an appurtenance to its main line, we must overrule this contention. We have examined the written easement and are of the opinion that the right to construct a lateral line, such as the one involved in this proceeding, was not conferred by the terms of the instrument, nor do we believe such right may be inferred.

Assuming that the transmission line in question is not to remain on the land as a permanent and continuing trespass, the evidence of damage to appellees' land is exceedingly meager. The only evidence is to the effect that appellant utilized a strip of land approximately 250 feet wide and 75 feet long across appellees' land, in erecting the line, and that, after appellant had completed the construction of the line in question, one of the appellees had noticed automobile or truck tracks in the 250-foot wide strip, and also noticed that the fence had been pushed down and was not put back in good shape. There is no competent evidence in the record directly connecting the existence of the tire tracks or the condition of the fence to appellant's alleged trespass.

■ Appellees may not recover full compensation for the value of the land taken, plus damages to the remainder, without at the same time being held to have assented to, or acquiesced, in the continuance of the use and maintenance of the electric transmission line by appellant. Appellees' recovery of title and possession of the land in question effects the ouster of appellant. Such additional relief is inconsistent with the relief granted, and denies appellant the right of the continued use and occupancy of the land, which appellant would otherwise be entitled to acquire upon satisfaction of the judgment.

We sustain appellant's contention raised by the assignments of error in Points 1 to 5, inclusive, Group I, insofar as such assignments are directed to the error of the trial court in the submission of Question No. 4.

We overrule appellant's Points 6 and 7, Group II, by which it is contended that appellant's written easement conferred upon it the right to erect and construct the "lateral line" in question under the terms of its easement, and as a necessary or desirable appurtenance to its Keystone-Cheyenne Line. We are of the opinion that the trial court correctly construed such written easement, and that it confers no such rights as those sought to be exercised thereunder by appellant.

■■ It has long been the law in Texas that, before exemplary damages may be awarded, actual damages must be recoverable. While it is also recognized that some damage accompanies every trespass,

so as to warrant a jury in returning a verdict for at least nominal damages, it is equally well settled that nominal damages will not sustain a verdict for exemplary damages. Girard v. Moore, 86 Tex. 675, 26 S.W. 945, affirming Tex.Civ.App., 24 S.W. 652; Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397.

We have carefully searched the record for any evidence to support a finding by the jury that appellees sustained actual damage to their land as a result of the erection of the electric transmission line by appellant. The record contains no evidence of any recoverable "actual damage" for the trespass. The only evidence contained in the record relates to the value of the strip taken and damage to the remainder of the land that would result from the continued and permanent use, occupation and maintenance of the transmission line on the strip taken. Having carefully examined the record as a whole, and having considered all facts and circumstances to the contrary, we hold that the evidence was insufficient to support a finding of actual damages for the alleged trespass. No actual damages having been proven, it was error to submit Question No. 5 concerning exemplary damages. The jury verdict on that issue is, accordingly, set aside. Wilson v. Texas Co., Tex.Civ.App., 237 S.W.2d 649.

Holding as we do, we deem it unnecessary specifically to pass upon each of appellant's points numbers 8 to 14 (Group III).

Appellant's points of error numbers 15, 16 and 17 (Group IV), and the statement and argument thereunder may be applied to, and are essentially the same as, the points of error assigned under Group V, points numbers 18, 19 and 20. These assignments of error are directed to the trial court's action in refusing to grant appellant's motion for judgment based on its cross-action in condemnation, under Article 3269, V.A.T.C.S., and the jury's answers to questions numbers 13, 14, 15 and 16, in which the jury found that the cash market per-acre value of the .43 acre strip of land immediately before same was condemned by appellant on December 13, 1956, was $95; that the cash market per-acre value of the same land immediately after it was condemned on December 13, 1956 was $5; that the average reasonable cash market value per acre of the remaining land, exclusive of the .43 acre strip, immediately before the condemnation, was $95 per acre; that the average reasonable cash market per-acre value of the remaining land, exclusive of the .43 acre strip, immediately after the condemnation, was $94.98; it being appellant's contention that the jury findings on these issues, together with appellees' admission and stipulation:

"It is stipulated and agreed that Texas Electric Service Company, the defendant and cross-plaintiff in this cause, is a public utility, and as such, it has a right to exercise eminent domain under the statutes of the State of Texas"

entitled the appellant, as a matter of law, to recover an "easement" as prayed for in its cross-action.

We believe appellant is correct in its contention. Article 3269 is a special statute that authorizes condemnation by reconvention in a case such as we have here. It has been held that an attempt to settle the controversy after the suit was filed by the landowners is not necessary, as in an ordinary condemnation proceeding. Rankin v. Nueces County, Tex.Civ. App., 313 S.W.2d 331; Holcomb v. City of Dallas, Tex.Civ.App., 315 S.W.2d 454.

Appellant has complied with the provisions of Article 3269. In its cross-action appellant petitioned the trial court to confirm and establish its right to an easement and right of way on and across the lands involved in this suit; it plead for the trial court to determine the amount of security that should be deposited by it for possession of the easement. It was stipulated that appellant was a public utility and em-

powered to exercise the right of eminent domain, and it was within the discretion of the trial court to require the electric company to give such security as the court deemed proper for payment of any damages that might be assessed against appellant company for the taking of the strip as a condition precedent to the court's refusal to grant the landowners' application for a temporary injunction. While the court failed to determine the amount of security that would be required of appellant for a taking of the strip in question, this was not objected to by appellees.

The issues submitted by the court on appellant's cross-action for condemnation were in substantial compliance with the rules laid down by the Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194. The jury's answers thereto were favorable to appellant, in that they would support a judgment for condemnation.

It is our opinion that the trial court erred in overruling appellant's motion for judgment based on its cross-action in condemnation under the statute, Article 3269, V.A.T.C.S.

Holding as we do, we deem it unnecessary to pass upon other questions raised by appellant on this appeal.

The trial court's judgment based upon the jury's answers to Questions Nos. 4 and 5 is reversed, set aside and held for naught; and judgment is here entered based upon the jury's answers to Questions Nos. 13, 14, 15 and 16, awarding appellees the sum of $38.70 for the .43 acres of land condemned, and two cents per acre for the damage to the remaining land, exclusive of the part taken, in the sum of $620, aggregating $658.70; and appellant is granted an easement on and across said .43 acre strip of land, as prayed for in its cross-action, upon satisfaction of this judgment and payment of all costs, which are hereby assessed against appellant.

ABBOTT, J., not sitting.