Frank C. ANDERSON and wife, Joan S.
Anderson, Appellants,

v.

CLAJON GAS COMPANY and Clayco
Pipeline Company, Appellees.

No. 01–83–0455–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Sidney Levine, Sealy, for appellants.

Tom Scott, Bullock, Scott & Neisig, C. Medford Owen, Jr., Bullock, Scott & Neisig Midland, Michael J. Simmang, Simmang, Boethal & Hall, Duncan W. Hall, Simmang, Boethal & Hall, Giddings, for appellees.

Before DOYLE, DUGGAN and LEVY, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a final judgment in a condemnation case. Judgment was entered awarding appellees an easement across appellants' land. The jury awarded appellants a total of $3,211.60 as damages for the property taken. Appellants challenge the judgment by eight points of error.

In 1981, appellees Clajon Gas Company and Clayco Pipeline Company filed separate condemnation cases against appellants, Frank and Joan Anderson. The cases were each heard by a separate set of special commissioners, who awarded appellants a total of $3,825. Appellants filed objections to the awards made by the commissioners. Initially, the cases were docketed separately in district court, but later, on motion of both appellees, the district court consolidated the cases.

Points of error one, two, and six will be discussed jointly because each complains of the lack of proper notice and return of service upon the appellants as required by art. 3264, V.A.T.S. The relevant portions of the article are as follows:

5. *Notice in writing shall be issued by the commissioners to each of the parties interested, notifying them of the time and place selected for the hearing.*

6. The notices shall be served upon the parties at least ten (10) days before the day set for the hearing, exclusive of the day of the service, and *may be served by any person competent to testify, by delivering a copy of such notice to the party, his agent or attorney.*

\* \* \* \* \* \*

9. The person serving notice shall return the original to the commissioners *on or before the day set for the hearing, with his return in writing thereon, stating how and when it was served.*

10. When service of notice has been perfected, the commissioners shall at the time and place appointed or at any other time and place to which the hearing may

be adjourned, proceed to hear the parties. (emphasis added)

█ It is well established that the condemnor must prove a strict compliance with art. 3264, in order to show the jurisdiction of the court to try a condemnation case. *Maberry v. Pedernales Electric Cooperative,* 493 S.W.2d 268 (Tex.Civ.App.—Austin 1973, writ ref. n.r.e.).

The condemnor must produce evidence of the several steps required under art. 3264, including the resolution of the governing body, the order of the county court in appointing commissioners, the commissioners' oath, the notice of the time and place of hearing to assess damages, and notice to the landowners. *Maberry, supra; Crim's Estate v. State,* 371 S.W.2d 574 (Tex.Civ. App.—Amarillo 1963, no writ).

The appellees, in the instant case, complied with all but two of the procedural requirements of art. 3264. Appellees failed to show that the notices of the commissioners' hearing were returned to the commissioners on or before the date of the hearing, as required in art. 3264(9). The appellees also failed to show that Joan Anderson could accept service, as agent for Frank Anderson.

█ A party relying on service upon an agent has the burden of proving the existence of the agency relationship; it cannot be presumed. *Buchoz v. Klein,* 143 Tex. 284, 184 S.W.2d 271 (1944).

█ However, appellants' complaint as to the procedural defects in the proceedings comes too late, because appellants failed to object at trial. Procedural irregularities in proceedings before the commissioners must be challenged on direct appeal at the trial court level. They are waived if not properly preserved for appellate review. *PGP Gas Products v. Fariss,* 620 S.W.2d 559 (Tex.1981). Moreover, appellants stipulated that they had received written notice of the commissioners hearings, as required by art. 3264. This stipulation satisfies appellees' burden of showing that appellants were served in strict compliance with art. 3264. These three points of error are overruled.

In points of error three, four, and five, the appellants challenge the jury's finding in special issue 5 that appellee Clajon had not acted arbitrarily and capriciously. In the third point of error, appellants claim the jury finding in special issue 3 was against the great weight and preponderance of the evidence. In the fourth and fifth points of error, appellants contend that the trial court erred in overruling appellants' motion for instructed verdict and motion for judgment n.o.v. because, as a matter of law, appellants acted arbitrarily and capriciously. Appellants also contend that there was no evidence of "public necessity."

Appellants alleged in their pleadings that appellees' exercise of the right of eminent domain was an arbitrary and capricious action, thereby negating the existence of a "public necessity" present for the taking of his land. This allegation was sufficient to raise an issue of fact as to whether the appellees' actions were intended for "public necessity" or arbitrary and capricious purposes.

█ Generally, a private corporation may determine the question of necessity to take particular land for public use under eminent domain. *Housing Authority v. Higginbotham,* 135 Tex. 158, 143 S.W.2d 79 (1940). Normally, a resolution of the board of directors "clothed" with the right of eminent domain is the proper method of determining and declaring public necessity. *Houston Lighting and Power Co. v. Fisher,* 559 S.W.2d 682 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.).

█ If the statute under which the condemnor is delegated the right to exercise the power of eminent domain does not require a distinct showing of necessity, the determination by the condemnor of the necessity for acquiring certain property is conclusive, absent fraud, bad faith, abuse of discretion, or arbitrary and capricious actions. *Housing Authority, supra.*

The statute under which appellees are given the right to exercise the power of eminent domain does not require a showing of necessity. Articles 1435 and 1436, Tex. Rev.Civ.Stat. (Vernon 1967) confer the right and power to acquire properties, easements, and lands through the use of eminent domain to private or public entities engaged in the transportation and selling natural gas to the public. Article 1436 provides:

### RIGHT OF WAY

Such corporation shall have the right and power to enter upon, condemn and appropriate the lands, right-of-way, easement and property of any person or corporation, and shall have the right to erect its lines over and across any public road, railroad, railroad right-of-way, interurban railroad, street railroad, canal or stream in this State, any street or alley of any incorporated city or town in this State with the consent and under the direction of the governing body of such city or town. Such lines shall be constructed upon suitable poles in the most approved manner, or pipes may be placed under the ground, as the exigencies of the case may require.

The courts have construed this section as not requiring the condemnor to show that property is "necessary" for public use absent some evidence of fraud, bad faith, or arbitrary and capricious action. *Joyce v. Texas P & L Co.*, 298 S.W. 627, 628 (Tex. Civ.App.—El Paso 1927, no writ). Therefore, once the jury found that there was no evidence of arbitrary and capricious action by the appellees, the appellees' burden of showing necessity was met.

■ Contrary to appellants' contentions, the record is replete with evidence from which the jury could have found that appellees had not acted arbitrarily or capriciously. The jury was instructed that arbitrary and capricious action meant willful and unreasoning action, action without consideration, and in disregard of the facts and circumstances that existed at the time condemnation was decided upon, or within the foreseeable future. The court also instructed the jury that an act is not arbitrary and capricious when exercised honestly and with due consideration, even if an erroneous conclusion was reached.

The record reflects that appellee, Clajon, sells the gas that is drawn through its pipelines to Valaro Transmission Company (Valaro). Valaro, operating an intrastate pipeline, sells gas to consumers, distributors of gas, the City of San Antonio, and to Houston Lighting and Power Co. The operations manager of Clajon, Mr. Warren, testified that in late 1980, Clajon reached the degree of development in its district operation, in which it was ready to supply and transfer a greater quantity of gas from the "Austin Chalk Formation." Believing that this "formation" was going to extend further northeast, Clajon decided to obtain the right of way to lay additional pipelines. Mr. Warren also testified that although the company did not have any gas under contract when the right of way was first acquired, the company predicted an increase in the demand for natural gas in areas which otherwise would be difficult to supply.

This testimony demonstrates that appellees' action in laying the pipeline had been duly considered for several months, and was based on a reasoned prediction of a future need/demand for additional gas. In fact, the appellants argue in their brief that the appellees "took" the land for a future use.

The appellees' action in obtaining the right-of-way for future use seems to be safely outside the court's definition of arbitrary and capricious action. The evidence reflects a reasoned decision, contemplating circumstances existing within the foreseeable future. Appellants' contention that appellees' "future use" does not fulfill the requirement of a public necessity, is not supported by Texas case law, or indeed, by the uncontested portion of the instruction given to the jury. These points of error are overruled.

In the seventh point of error, appellants contend that the court erred in failing to grant appellants' plea in abatement because appellee Clayco failed to negotiate in good faith. The appellants argue that the evidence presented in the plea of abatement sufficiently shows a failure to negotiate in good faith. The evidence presented at the hearing on appellants' plea of abatement shows that appellees' representative, Mr. Bacon, was authorized to negotiate for both Clajon and Clayco, and that he discussed the easements with appellants several times. Mr. Anderson testified that he negotiated for the installation of two lines on his property, for which he would receive $50 per month until the line was abandoned. Mr. Anderson also requested a performance bond to guarantee that his lands would be rehabilitated. Mr. Bacon was not authorized to make a per/month price arrangement with any landowner. Both parties agree that negotiations stopped after Mr. Bacon could not consent to Mr. Anderson's requests.

■■■ As a general rule, a condemnor is not required to continue to attempt negotiations, when any further attempts to agree with the landowner appear to be futile. *Houston North Shore Ry. Co. v. Tyrrell,* 128 Tex. 248, 98 S.W.2d 786 (1936). The record in the instant case reflects sufficient evidence for the court to find that future negotiations between appellants and appellees would be futile. Appellants' seventh point of error is overruled.

In the eighth point of error, appellants contend that the trial court erred in awarding costs to appellees because the amount offered by the condemnors for the purchase of the easements was less than the amount awarded by the trial court and the special commissioners.

The trial court awarded a total of $3,211.60 to appellants. The special commissioners awarded appellants a combination of $3,825. Appellees' final offer to appellants was $997.00. Relying on art. 3267, Tex.Rev.Civ.Stat.Ann. (Vernon 1968), appellants argue that the court should have awarded costs to the appellees, because the amount originally offered by appellees was less than the amount awarded by the trial court and by the special commissioners.

Art. 3267 reads as follows:

The costs of the proceedings before the commissioners and in the court shall be determined as follows, to-wit: If the commissioners shall award greater damages than the plaintiff offered to pay before the proceedings commenced, or if objections are filed to the decision in the county court under the provisions of this title, and the judgment of the court is for a greater sum than the amount awarded by the commissioners, then the plaintiff shall pay all costs; but if the amount awarded by the commissioners as damages or the judgment of the county court shall be for the same or less amount of damages than the amount offered before proceedings were commenced, then the costs shall be paid by the owner of the property.

■■■ Under this article, where the amount of damages awarded by the commissioners and the trial court is *more* than the amount offered by the condemnor before the proceedings were commenced, the court is not authorized to assess costs against the landowner. *Buzzard v. MAP-CO, Inc.,* 499 S.W.2d 352 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.). This point of error is sustained.

The judgment below is reformed to assess the costs against appellees as a matter of law. In all other respects, the judgment of the trial court is affirmed.