The **STATE** of Texas, Petitioner,

v.

**C. Milton DOWD, et ux., Respondents.**

**No. D–2780.**

Supreme Court of Texas.

Nov. 24, 1993.

Bonnie C. Lockhart, Mark Heidenheimer, Austin, for petitioner.

John N. McClish, Carole Tower, Austin, for respondents.

PER CURIAM.

This case arises out of condemnations undertaken in order to convert U.S. Highway 183 in Austin to an elevated, controlled-access highway. This project is described in more detail in *State v. Schmidt,* 867 S.W.2d 769 (Tex.1993). In this case, the jury was asked whether the State negotiated in good faith. Based on its negative answer, the trial court dismissed the condemnation action on the ground that the State failed to establish, as a jurisdictional prerequisite for a condemnation proceeding, that the parties were unable to agree on a price. The court of appeals affirmed. 832 S.W.2d 71. We conclude that the trial court erred in dismissing this action for want of jurisdiction. We therefore reverse and render judgment on the jury's award for the taking.

The State brought suit to condemn an 836–square–foot strip of a 14,546–square–foot property. Landowners, the Dowds, complained that the State had refused to negotiate in good faith and thus failed to meet a jurisdictional prerequisite that the parties had been unable to agree on damages. The only evidence of bad faith cited in this case is that the State instructed its appraiser to exclude any decrease in value due to decreased visibility, accessibility and traffic volume, and increased circuity of travel. The appraiser admitted that the value of the remainder would be reduced by these factors. The State, however, relied upon an appraisal concluding there were no damages to the remainder. The State's instructions to the appraiser conflicted with its own departmental manual, which stated that damages are not noncompensable "community damages" simply because they are suffered in common with other landowners whose property also abuts the street or improvement. The appellate court quoted an excerpt that included the following:

> Particular property of appellees sustains special damages by cutting down of the street, lowering the grade upon which it abutted would be [sic] entitled to recover, notwithstanding every other lot on the street was affected in the same manner.

832 S.W.2d at 79.

The trial court submitted a jury question asking whether the State negotiated in a good faith attempt to agree on adequate compensation. The jury refused to find for the State. The jury, however, also fixed $52,358 as the difference in fair market value between the whole property, without taking in consideration the condemnation, and the remainder immediately after the taking, taking into consideration the effect of the condemnation. The court of appeals concluded that the good faith issue was one for the court, not the jury, but nevertheless affirmed. The court of appeals acknowledged that the damages claimed by the landowners might not be recoverable because they were "community" in nature. Even so, the court concluded that the evidence showing that the State instructed its appraiser to disregard the State's "own written policies and guidelines in arriving at his appraisal value supports an inference that the Department failed to make a bona fide offer that it in good faith believed to be the amount of compensation due." 832 S.W.2d at 79. This inference, the court reasoned, was more than a scintilla of evidence to support the trial court's implied failure to find that the State

made a bona fide attempt to agree with landowners on the purchase of the tract before beginning condemnation proceedings.

 The State's instructions to its appraiser are consistent with our holding in *State v. Schmidt,* 867 S.W.2d 769 (Tex.1993), that landowners are not as a rule entitled to recover severance damages for the diversion of traffic, inconvenience of access, impaired visibility, and temporary construction inconvenience. The State's sole contention in this Court is that it made a bona fide offer to the Dowds. In light of *Schmidt,* we agree.[1] Accordingly, a majority of the Court, without hearing oral argument, concludes that the trial court erred in dismissing the State's condemnation petition for want of jurisdiction, grants the application for writ of error, and in the absence of any other complaint by the State, remands the case to the trial court for rendition of judgment on the verdict for the landowners. In view of the State's limited complaint and the briefs brought before this Court, we express no opinion on the other issues raised below.

---

1. We express no opinion on whether the trial court would have lacked jurisdiction of the action had the State failed to negotiate in good faith.