Lone Star Gas v. McCright 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-013-CV

        LONE STAR GAS COMPANY,
        A DIVISION OF ENSERCH CORPORATION,

                                                                                               Appellant
        v.

        MANLEY D. McCRIGHT AND 
        PATRICIA McCRIGHT,
                                                                                                        Appellees
 

From the 40th District Court
Ellis County, Texas
Trial Court # 50896
                                                                                                    

O P I N I O N
                                                                                                    

          Appellant Lone Star Gas Company (Lone Star) brings this appeal to contest the trial court's
conclusion that it lacked jurisdiction to consider Lone Star's condemnation petition against
appellees Manley and Patricia McCright (the McCrights). We will reverse and remand.
          We will relate the facts in the light most favorable to the McCrights. On June 30, 1990,
Manley McCright met with several Lone Star employees on his neighbor's property. One of these
employees, Bill Murray, notified Mr. McCright that Lone Star intended to lay a pipeline near Mr.
McCright's property but that his property would not be affected in any way.
          On the morning of July 1, 1990, Mr. McCright noticed that some employees from Lone
Star had cleared a number of trees from and had a placed a considerable amount of dirt on his
property. When Mr. McCright objected to these actions, an employee of Lone Star, Jim Miller,
informed him that a change in plans had been made and that Lone Star now planned to use his
property for the storage of dirt.
          On July 2, representatives from Lone Star attempted to negotiate a sum with the McCrights
to compensate them for the trespass and any property taken. Lone Star's efforts proved
unsuccessful and, on July 16, it filed a petition for condemnation in the Ellis County Court at Law
seeking both a permanent and a temporary easement across the McCrights' property. See Tex.
Prop. Code Ann. § 21.012 (Vernon 1984) (hereafter § 21.012). The trial court appointed three
special commissioners pursuant to Tex. Prop. Code Ann. § 21.014 (Vernon 1984) to assess the
McCrights' damages. The McCrights found the sum calculated by the commissioners to be
inadequate and rejected it, causing the petition to be brought before the court. They also filed a
suit for trespass on July 19 against Lone Star in the Ellis County District Court. The two causes
were consolidated in the Ellis County Court at Law on April 2, 1992; the consolidated cause was
later transferred to the district court on April 21, 1993.
          Before Lone Star's petition went to trial, the trial court, on March 8, 1993, held a hearing
pursuant to State v. Hipp, 832 S.W.2d 71 (Tex. App.—Austin 1992), rev'd on other grounds sub
nom, State v. Dowd, 867 S.W.2d 781 (Tex. 1993), to determine whether it had jurisdiction over
the proceedings. At the Hipp hearing, the trial court expanded the scope of inquiry beyond the
four statutory prerequisites to a finding of jurisdiction under § 21.012 to determine, also as a
jurisdictional matter, whether Lone Star acted arbitrarily and capriciously in bringing its
condemnation petition, an issue raised by the McCrights and contested by Lone Star in a motion
for partial summary judgment. The court concluded Lone Star did act arbitrarily and capriciously
with regard to the temporary, but not the permanent, easement. The court then dismissed both
condemnation petitions but severed out the trespass action. The issue before us is whether a
condemnor's acting arbitrarily and capriciously in pursuing a condemnation order is properly a
jurisdictional question that should be decided by the trial court in a Hipp hearing. We conclude
that it is not.
          Section 21.012 provides:
 
(a) If ... a corporation with eminent domain authority ... wants to acquire real property
for public use but is unable to agree with the owner of the property on the amount of
damages, the condemning entity may begin a condemnation proceeding by filing a petition
in the proper court.
 
(b) The petition must:
(1) describe the property to be condemned;
(2) state the purpose for which the entity intends to use the property;
(3) state the name of the owner of the property if the owner is known; and
(4) state that the entity and the property owner are unable to agree on the damages.

          The question of whether the requirements of § 21.012 and its predecessors were met has
always been considered jurisdictional and, therefore, a question of law. Hipp, 832 S.W.2d at 75
(citing City of Austin v. Hall, 446 S.W.2d 330, 336 (Tex. Civ. App.—Austin 1969, rev'd on other
grounds, 450 S.W.2d 836 (Tex. 1970); City of Houston v. Derby, 215 S.W.2d 690, 692 (Tex.
Civ. App.—Galveston 1948, writ ref'd); Isaac v. City of Houston, 60 S.W.2d 543, 545-46 (Tex.
Civ. App.—Galveston 1933, writ dism'd)). But, because proper consideration of this issue often
involves the weighing of facts, trial courts, before Hipp, would often proceed to a trial on merits,
submit the jurisdictional questions of § 21.012 to the jury, and then, if the jury answered that the
requirements had not been met, dismiss the petition for want of jurisdiction. See Hipp, 832
S.W.2d at 75. The Austin Court of Appeals in Hipp, however, concluded that jurisdictional
issues, even if they involve the consideration of fact questions, should always be decided by the
court. Id. at 75-76. The Hipp court, therefore, due to a concern with conserving the resources
of the court and the parties, determined that a pretrial hearing should be held in condemnation
cases so that the trial court can take evidence on the jurisdictional requirements of § 21.012 and
determine whether jurisdiction lies before proceeding to a trial on the merits. Id.
          The arbitrariness and capriciousness of the condemnor in exercising its eminent domain
authority may be raised by a landowner as a defense in a condemnation proceeding. See Anderson
v. Clajon Gas Co., 677 S.W.2d 702, 704 (Tex. App.—Houston [1st Dist.] 1984, no writ); Joyce
v. Texas Power & Light Co., 298 S.W. 627, 629 (Tex. Civ. App.—El Paso 1927, no writ). 
Generally, the condemnor, in bringing his condemnation petition, is given absolute discretion in
determining what property should be condemned for public use, and, therefore, it is generally not
required either to plead or prove the necessity for the taking. Tex. Rev. Civ. Stat. Ann. arts.
1435, 1436 (Vernon 1980 & Supp. 1995); Coastal Indus. Water Auth. v. Celanese Corp. of Am.,
592 S.W.2d 597, 600 (Tex. 1979); Anderson, 677 S.W.2d at 705. However, when the issue of
fraud, bad faith, or the arbitrariness and capriciousness of the condemnor in bringing its
condemnation proceedings against a particular landowner is raised by the landowner, the
condemnor must then establish the necessity of its actions to rebut the accusations. See Anderson,
677 S.W.2d at 704-05; Bevly v. Tenngasco Gas Gathering Co., 638 S.W.2d 118, 121 (Tex.
App.—Corpus Christi 1982, writ ref'd n.r.e.).
          The McCrights argue that the scope of Hipp hearings should be expanded to include a
determination of whether the condemnor acted arbitrarily and capriciously when it is properly
raised by the landowner. They contend the issue of arbitrariness and capriciousness is properly
before the court in a Hipp hearing both because it involves a jurisdictional question and because
it is justified by furthering the Hipp rationale of conserving judicial resources. We disagree with
both contentions.
          Section 21.012 provides the only jurisdictional requirements for a condemnor to have its
petition for condemnation heard in a district court or a county court at law. See Tex. Prop. Code
Ann. § 21.012. The McCrights' assertion that the issue of arbitrariness and capriciousness is
jurisdictional must fail in light of the authority which specifically states that arbitrariness and
capriciousness is a question of fact. See Woodson Lumber Co. v. City of College Station, 752
S.W.2d 744, 748 (Tex. App.—Houston [1st Dist. 1988, no writ); see also Ludewig v. Houston
Pipeline Co., 773 S.W.2d 610, 614 (Tex. App.—Corpus Christi 1989, writ denied); Tejas Gas
Corp. v. Herrin, 705 S.W.2d 177, 180 (Tex. App.—Texarkana 1985), reversed on other grounds,
716 S.W.2d 45 (Tex. 1986). Undoubtedly, deciding the issue of whether the jurisdictional
requirements of § 21.012 have been satisfied frequently involves the weighing of facts; however,
the conclusion does not necessarily follow that the question of the arbitrariness and capriciousness
of the condemnor's actions also is jurisdictional. Hipp, 832 S.W.2d at 75. The purpose of
requiring the condemnor to plead and prove the several jurisdictional requirements of § 21.012
is to prevent needless litigation. Id. (citing City of Nueces v. Rankin, 303 S.W.2d 455, 457 (Tex.
Civ. App.—Eastland 1957, no writ)). Section 21.012 forces the parties to attempt to reach an
agreement on a sum in compensation for the taken property before a condemnation suit is brought
into a court at law. Id. The question of the arbitrariness and capriciousness of the condemnor has
nothing to do with the furtherance of this policy. The alleged arbitrariness and capriciousness of
the condemnor in exercising its eminent domain authority goes to the very heart of a landowner's
complaint. See Ludewig, 773 S.W.2d at 614; Houston Lighting & Power Co. v. Klein Indep. Sch.
Dist., 739 S.W.2d 508, 514-15 (Tex. App.—Houston [14th Dist.] 1987, writ denied). 
Corporations with eminent domain authority are allowed to condemn private landowners' property
when it is necessary for the public good. Tex. Prop. Code Ann. § 21.012. Moreover, these
corporations are given the exclusive authority to determine what property will be condemned. 
Tex. Rev. Civ. Stat. Ann. arts. 1435, 1436; Anderson, 677 S.W.2d at 705. But when these
condemnors act arbitrarily and capriciously in exercising their authority, they betray the very
justification for their authority. See Anderson, 677 S.W.2d at 705. A pretrial hearing on the
question of the court's jurisdiction to hear a condemnation petition cannot provide a sufficient
forum to address the issue of whether a condemnor has unlawfully abused this authority by
arbitrarily and capriciously excercising its eminent domain authority, thereby rendering its
condemnation petition void.
          Presuming the requirements of § 21.012 and Hipp have otherwise been met, we reverse
and remand for a trial on the merits.



 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed April 26, 1995
Do not publish