**McKINNEY INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**CARLISLE GRACE, LTD. and Gordon M. Griffin, Jr. Revocable Trust, Appellees.**

**No. 05–00–01044–CV.**

Court of Appeals of Texas, Dallas.

June 26, 2002.

ence to "CCP___."

Larry R. Boyd, Abernathy, Roeder, Boyd & Joplin, P.C., McKinney, for appellant.

Travis R. Phillips, Phillips & Merica, P.C., Austin, for appellees.

Before Justices MORRIS, WHITTINGTON, and RICHTER.

## OPINION

Opinion by Justice MORRIS.

This is a condemnation case. We address the jurisdictional issue of whether the trial court erred in concluding McKinney Independent School District failed to meet the "unable to agree" prerequisite of section 21.012 of the Texas Property Code before filing its condemnation action to acquire property owned by Carlisle Grace, Ltd.[1] Because we conclude MISD conclusively established it made a bona fide attempt to agree with appellees before bringing suit, we reverse the trial court's dismissal for want of jurisdiction and remand the cause for further proceedings.

### I.

The following facts are undisputed. In May 1998, attorneys on behalf of MISD contacted Carlisle Grace, Ltd. and expressed an interest in acquiring 56.43

---

1. Appellee Gordon M. Griffin, Jr. Revocable Trust was named in the condemnation petition because of an alleged lien it had against the property.

acres of its land. MISD was considering the property for a third high school site. Over the next year, the parties engaged in a series of communications about the property. In a letter dated September 27, 1999, MISD's attorneys extended an offer to Grace for $25,000 per acre in accordance with an appraisal MISD had received. Grace rejected that offer by letter dated October 8, 1999 and indicated it would have to perform a "due diligence" analysis to counteroffer. A week later, Grace indicated the due diligence analysis would take about thirty days to complete.

On November 8, 1999, MISD's attorneys responded with a final purchase offer of $1,690,000 (approximately $30,000 per acre) based on another, later appraisal. The November 8 letter further indicated that Grace's failure to accept the offer within ten days would be construed as a rejection. On November 18, 1999, Grace's attorneys wrote to MISD advising that their client was "close to completing their value analysis and would be prepared . . . to discuss [MISD's] possible acquisition of their property after Thanksgiving." No further contact about the purchase of the property was initiated by either party.

On December 17, 1999, MISD filed its condemnation petition. The trial court appointed special commissioners and, after a hearing that appellees did not attend, the commissioners awarded MISD title to the property and compensation damages to appellees. Appellees filed both objections to the award and a plea to the jurisdiction asserting MISD failed to satisfy the unable-to-agree requirement of section 21.012 of the Texas Property Code. After an evidentiary hearing on appellees' plea, the trial court dismissed the cause for want of jurisdiction. Neither party requested findings of fact and conclusions of law, and none were filed. This appeal followed.

## II.

MISD presents two issues on appeal. It generally contends the trial court erred as a matter of law in failing to conclude it was unable to agree with appellees after it established appellees had rejected two formal offers to purchase the property. Appellees, on the other hand, argue MISD did not satisfy the unable-to-agree requirement because appellees wanted to continue to negotiate and their desire to perform a "due diligence" analysis in response to MISD's offers was reasonable.

As a jurisdictional prerequisite to statutory condemnation proceedings, MISD must plead and prove that it was "unable to agree" with appellees on the amount of damages resulting from the taking of the property. *See* TEX. PROP.CODE ANN. § 21.012 (Vernon 1984); *State v. Schmidt*, 894 S.W.2d 543, 544 (Tex.App.-Austin 1995, no writ); *State v. Hipp*, 832 S.W.2d 71, 75 (Tex.App.-Austin 1992), *rev'd on other grounds*, 867 S.W.2d 781 (Tex. 1993). The purpose of the unable-to-agree requirement and other requirements of section 21.012 is to prevent needless condemnation proceedings when a matter could be resolved by agreement between the parties. *See Hubenak v. San Jacinto Gas Transmission Co.*, 65 S.W.3d 791, 797 (Tex.App.-Houston [1st Dist.] 2001, pet. filed). To satisfy the unable-to-agree requirement, MISD must prove that before filing for condemnation, it made a bona fide attempt to agree with appellees on the amount of compensation due from the taking. *Schmidt*, 894 S.W.2d at 545; *Hipp*, 832 S.W.2d at 77.

In the case before us, the trial court held an evidentiary hearing on appellees' plea to the jurisdiction. In reviewing the trial court's ruling after its evidentiary hearing, we employ a sufficiency of the evidence standard of review. *See Hipp*, 832 S.W.2d at 76–77. At the hearing,

MISD had the burden of proof on the unable-to-agree requirement. *See id.* at 76. The trial court granted appellees' plea to the jurisdiction and dismissed MISD's case without filing findings of fact. Because the trial court dismissed MISD's suit for lack of jurisdiction, we must presume the trial court concluded that MISD failed to meet its burden of proof on the unable-to-agree requirement. *See id.* In effect, the trial court refused to find that MISD made a bona fide attempt to agree with appellees on the amount of compensation due from the taking. Accordingly, under our sufficiency of the evidence standard of review, MISD must now show there was no evidence in the record to support the trial court's refusal to find in its favor on the issue and that the contrary proposition was established as a matter of law. *See id.* at 76–77.

In the record before us, it is undisputed that Grace rejected MISD's September 27 offer and never accepted the November 8 offer or proposed a counteroffer before MISD filed its condemnation petition. Appellees argue, however, that the following evidence affirmatively supports the trial court's non-finding on the unable-to-agree requirement: MISD sent a second proposal increasing its offer before appellees completed their due diligence analysis, suggesting the September 27 letter was not a bona fide offer; MISD failed to provide appellees with a copy of the appraisal used for the September 27 offer; and appellees' "due diligence" response to MISD's offers indicated a continued willingness to negotiate.

■ A bona fide attempt to agree does not require extended negotiations or a series of offers and counteroffers but may consist of a single bona fide offer that is rejected by the property owner. *Id.* at 77–78. Such an offer is one made in or with good faith and must not be arbitrary and capricious, but based on a reasonably thorough investigation and honest assessment of the amount of just compensation due the property owner. *Id.* at 78–79. The fact that MISD made a second offer after appellees rejected its initial proposal is no evidence that the first proposal was not based on an honest assessment of the property's value and was not a good faith offer. The evidence simply shows that each offer was based on a different appraisal.

■ Appellees also assert that despite their failure to accept either of MISD's offers, MISD did not establish the parties were unable to agree because appellees continued to express an interest in negotiating. As noted above, extended negotiations are not required to satisfy the statutory prerequisite. *See id.* at 77–78. The fact that MISD did not wait for appellees' counteroffer is no evidence to support the trial court's non-finding on the unable-to-agree requirement. We likewise reject appellees' contention that MISD's failure to provide them with the appraisal supporting its September 27 offer supports a negative finding on the unable-to-agree requirement. *See id.* at 78 (relevant question is whether offer was made in good faith, not whether condemnor divulged the basis of its offer so landowner might bargain more effectively). Moreover, even if we were to conclude the September 27 offer was not bona fide, there is nothing to suggest the November 8 offer (which included a copy of the appraisal on which it was based) was not made in good faith.

■ Having concluded the record contains no evidence affirmatively supporting a negative finding on the unable-to-agree issue, we next determine whether the evidence shows conclusively that MISD made a bona fide attempt to agree with appellees on the purchase of their property before instituting condemnation proceedings. *See*

*id.* at 76–77. Appellees contend MISD did not satisfy the unable-to-agree requirement as a matter of law because MISD's failure to wait for or solicit a counteroffer based on appellees' due diligence analysis was unreasonable considering appellees' continued willingness to negotiate. We disagree. MISD had no obligation to negotiate or wait for a counteroffer after appellees rejected its first offer and failed to accept its second. *See id.* at 77–78. The landowner's desire to continue negotiations or the fact that it did not know the value of its own property is irrelevant to the issue of whether the condemnor made a bona fide offer that it in good faith believed to be the amount of compensation due. Because the evidence conclusively established MISD made two bona fide offers that were rejected by Grace, we conclude as a matter of law that MISD satisfied the unable-to-agree requirement set forth in section 21.012 of the Texas Property Code. Accordingly, we resolve MISD's first and second issues in its favor.

■ In a cross point, appellees contend MISD did not negotiate in good faith because the September 27 and November 8 offers were made before MISD's board of trustees passed a formal resolution authorizing acquisition of appellees' property. Appellees argue that because offers made before the formal resolution were a nullity, and no offers were made after the formal resolution, MISD did not negotiate in good faith as a matter of law. MISD responds that we should not consider appellees' cross point because they did not file a notice of appeal. We construe appellees' cross point as a possible additional independent ground for affirming the trial court's judgment. Consequently, no notice of appeal is required. *See Dean v. Lafayette Place (Section One) Council of Co-Owners, Inc.,* 999 S.W.2d 814, 818 (Tex. App.-Houston [1st Dist.] 1999, no pet.).

■ It is undisputed that MISD's board of trustees did not pass a formal resolution authorizing acquisition of appellees' property until November 16, 1999. The question becomes, therefore, whether the board's failure to approve a formal resolution before the September 27 and November 8 offers prevents MISD, as a matter of law, from meeting the unable-to-agree requirement of section 21.012. We conclude that in this case a formal resolution was not necessary for MISD to meet this jurisdictional requirement.

■ MISD's superintendent testified that the school board's real estate subcommittee identified appellees' property and recommended it be acquired, and that he and another MISD executive authorized the extension of offers to appellees. The superintendent acts as the agent of the board of trustees. *See Bowman v. Lumberton Indep. Sch. Dist.,* 801 S.W.2d 883, 888 (Tex.1990). The board's agenda item F–8 in evidence acknowledged that MISD had already had the property appraised and made an offer to Grace for the appraised price. Although a formal resolution to acquire the property was not approved until after the MISD's offers were made, the evidence establishes the board knew about the offers and actions taken on its behalf with respect to the acquisition of the property. We therefore conclude the board's failure to approve a formal resolution before offers to purchase the property were extended on behalf of MISD does not establish as a matter of law that the offers were not made in good faith. We therefore resolve appellees' cross point against them.

Because we conclude the record demonstrates as a matter of law that MISD made a bona fide attempt to agree with appellees on the amount of compensation due from the taking, MISD has conclusively established that it satisfied the unable-to-agree

requirement. Accordingly, we reverse the trial court's dismissal for want of jurisdiction and remand this cause for further proceedings.