Butell ROBINSON and Donald Robinson, Plaintiffs-Appellants,

v.

TRANSCONTINENTAL GAS PIPE LINE CORPORATION, Defendant-Appellee.

Edward R. BREEDLOVE, Plaintiff-Appellant,

v.

TRANSCONTINENTAL GAS PIPE LINE CORPORATION, Defendant-Appellee.

No. 28169.

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1970.

Rehearing Denied March 3, 1970.

Certiorari Denied May 18, 1970.

See 90 S.Ct. 1695.

1398

Joseph E. Cheeley, Buford, Ga., H. A. Stephens, Jr., Atlanta, Ga., for plaintiffs-appellants; Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., of counsel.

Albert G. Norman, Jr., Jefferson D. Kirby, III, Allen Post, Atlanta, Ga., W. Howard Fowler, Lawrenceville, Ga., for defendant-appellee; Hansell, Post, Brandon & Dorsey, Atlanta, Ga., Webb & Fowler, Lawrenceville, Ga., of counsel.

Before JONES, BELL and GODBOLD, Circuit Judges.

PER CURIAM.

 The district court concluded in a full opinion that Transcontinental was empowered to condemn a right of way under the applicable Georgia Condemnation statute, Ga.Laws, 1929, p. 219 et seq., Ga.Code Annot. § 36–201.1 (1969 Supp.); Botts v. Southeastern Pipeline Company, 190 Ga. 689, 700, 10 S.E.2d 375 (1940), although the Federal Power Commission had not issued a certificate of public convenience and necessity under the Natural Gas Act. 15 U.S.C.A. § 717f(c). We agree. The Georgia statute is a grant of the state power of eminent domain, separate and distinct from the federal power of eminent domain as granted under the Natural Gas Act, 15 U.S.C.A. § 717f(h). No such certificate is required under the Georgia statute nor does the Natural Gas Act require such a certificate as a condition precedent to the use of the Georgia statute. Cf. Oakland Club v. South Carolina Public Service Commission, 4 Cir., 1940, 110 F.2d 84; Stitt v. Manufacturers Light and Heat Co., 39 F.P.C. 323 (1968).

Affirmed.