**Robert S. BAIRD, Appellant,**

v.

**SAM HOUSTON ELECTRIC COOPERATIVE, INC., Appellee.**

**No. 01–81–0643–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 31, 1981.

Rehearing Denied Jan. 14, 1982.

Vinson & Elkins, H. Dixon Montague, Houston, for appellant.

Baker & Botts, Hugh Rice Kelly, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

EVANS, Chief Justice.

The appellant sought a temporary injunction to prevent the appellee from entering upon his property. In his petition he alleged that the appellee had proceeded with a condemnation hearing on February 10, 1981, without first having served him with personal notice of the hearing, and that the appellee lacked authority to condemn an easement across his land because it had failed to obtain a Certificate of Public Convenience and Necessity from the Public Utilities Commission. From a denial of his petition for temporary injunction, the appellant brings this appeal, contending that the condemnation proceeding was void for the reasons stated.

In support of his contention that the appellee was required to obtain a Certificate of Public Convenience and Necessity before proceeding to condemn, the appellant cites Section 50(1) of the Public Utility Regulatory Act, which provides:

No public utility may in any way render service directly or indirectly to the public under any franchise or permit without first having obtained from the commission a certificate that the present or future public convenience and necessity require or will require such installation, operation, or extension.

Tex.Rev.Civ.Stat.Ann. art. 1446c, Sec. 50(1) (Vernon 1980). It is the appellant's position that because the appellee failed to obtain a Certificate of Public Convenience and Necessity, the taking of his property was for a private use, and thus prohibited by both the federal and state constitutions. Amendments V and XIV, U. S. Constitution and Article 1, Sec. 17, Texas Constitution. *Maher v. Lasater*, 163 Tex. 356, 354 S.W.2d 923 (1962).

In response, the appellee argues that the evidence supports an implied finding on the part of the trial court that the proposed transmission line is merely an extension of an existing transmission line and, therefore, is exempt from the requirement that a Certificate of Public Convenience and Necessity be obtained. The appellee cites Tex.Rev.Civ.Stat.Ann. art. 1446c Sec. 51(a), which provides:

Sec. 51. (a) A public utility is not required to secure a certificate of public convenience and necessity for:

(1) an extension into territory contiguous to that already served by it and not receiving similar service from another public utility and not within the area of public convenience and necessity of another utility of the same kind;

(2) an extension within or to territory already served by it or to be served by it under a certificate of public convenience and necessity; or

(3) operation, extension, or service in progress on the effective date of this Act.

The appellee also contends that the trial court's denial of injunctive relief was proper under a recent holding of the Texas Supreme Court in *Harris County v. Gordon*, 616 S.W.2d 167 (1981).

In *Gordon*, the trial court denied a temporary injunction to prevent Harris County from condemning a fee simple estate for road and drainage purposes. The 14th Court of Civil Appeals reversed the judgment and granted injunctive relief on the basis that Harris County did not have authority to condemn a fee simple estate. The Texas Supreme Court reversed the appellate court's judgment, vacated the temporary injunction, and held that the trial court's ruling was proper because the condemnees had an adequate remedy at law by appeal. The circumstances in *Gordon* are distinguishable from those in the case at bar, because here the appellant contends not merely that the condemning authority exceeded its powers, but that the condemnation proceeding was entirely void. The issuance of an injunction under such circumstances does not require proof of irreparable injury or that there is an inadequate remedy at law. *Lone Star Gas Co. v. City of Ft. Worth*, 128 Tex. 392, 98 S.W.2d 799 (1936).

It is unnecessary for this court to determine whether the proposed transmission line falls within the above quoted statutory exemption of Tex.Rev.Civ.Stat.Ann. art. 1446c Sec. 51(a). The authority of the appellee to condemn private lands is conferred by Article 1436, Tex.Rev.Civ.Stat.Ann., which provides:

Such corporation shall have the right and power to enter upon, condemn and appropriate the lands, right-of-way, easements and property of any person or corporation, and shall have the right to erect its lines over and across any public road, railroad, railroad right-of-way, interurban railroad, street railroad, canal or stream in this State, any street or alley of any incorporated city or town in this State with the consent and under the direction of the governing body of such city or town. Such lines shall be constructed upon suitable poles in the most approved manner, or pipes may be placed under the ground, as the exigencies of the case may require.

Neither this statute nor Article 1446c, *supra* provide that a Certificate of Convenience and Necessity is a condition

precedent to the exercise of the power of eminent domain. Where the legislature has not placed any limiting restrictions on the powers granted by the statute, this court may not impose a condition on the exercise of such powers. See *Robinson v. Transcontinental Gas Pipeline Corp.*, 421 F.2d 1397 (5th Cir. 1970), cert. den., 398 U.S. 905, 90 S.Ct. 1695, 26 L.Ed.2d 64. The appellant's first point of error is overruled.

The appellant's second point of error, based on the lack of personal service, is sustained.

The appellant testified at the temporary injunction hearing that he was not served with personal notice of the condemnation hearing, and this was corroborated by his wife's testimony. The appellee offered no evidence with respect to proof of service of notice upon the appellant, except a return allegedly made by the serving officer. This return was introduced at the close of all the evidence pursuant to the following discussion between the court and counsel:

The Court: All right, both sides have rested.

Mr. Willis: Wait just a minute, Judge. I do want to put something in.

The Court: All right, you haven't rested?

Mr. Willis: No, sir, I haven't. Judge, I think what I will do is introduce the whole file and the docket sheet for Cause No. 13,488 and among those papers are the instruments which have been served on Mr. Baird and attested to by the constable that did it.

Mr. Montague: Your Honor, I don't know what he is going to introduce this instrument for, but if he could state if he is doing so to show there was service on Mr. Baird, I'm going to object to that as hearsay. He has had adequate opportunity to call the officer that made that service to come here and testify today, and he has not.

The Court: Let's see precisely what the gentleman is going to offer.

Mr. Willis: It's the Return made by the officer, Judge, and I figured that—

Mr. Montague: I object to the Return made by the officer, Your Honor, as hearsay.

The Court: It will be admitted as a legally operative fact and given whatever consideration it merits, if any. The Return will be admitted as a legally operative fact.

In *Rotello v. Brazos Co. Water Control & Improvement Dist.*, 574 S.W.2d 208 (Tex.Civ.App.—Houston [1st] 1978 no writ), this court held that because a commissioner's hearing is not a judicial proceeding, and the service of notice of such hearing is not an official duty of the sheriff or constable, a presumption does not arise that the sheriff or constable acted in a regular and lawful manner in effecting service. Thus, in the instant case, the return must be regarded as hearsay, and its receipt into evidence, standing alone, was insufficient to raise a fact issue for the trier of fact. Furthermore, in response to the appellant's hearsay objection, the trial court indicated that the return would be received in evidence only as "a legally operative fact". Thus, the trial court admitted the return as proof of its making, but not as evidence that the facts recited therein were true. R. Ray, *Texas Law of Evidence*, Sec. 795, page 43 (3rd Ed.)

The trial court's judgment is reversed and the cause is remanded for entry of a temporary injunction in accordance herewith.