The STATE of Texas, Appellant,

v.

**BRISTOL HOTEL ASSET COMPANY,** Nomura Asset Capital Corporation, and Comptroller of Public Accounts, Appellees.

No. 04–99–00520–CV.

Court of Appeals of Texas, San Antonio.

Jan. 26, 2000.

Rehearing En Banc Overruled Sept. 21, 2000.

Ronda Leigh Neff, Asst. Atty. Gen., Austin, for appellant.

John McClish, Sue Wall, Womack, McClish & Wall, P.C., Austin, for appellees.

Sitting: ALMA LÓPEZ, Justice, SARAH DUNCAN, Justice, KAREN ANGELINI, Justice.

OPINION

Opinion by: KAREN ANGELINI, Justice.

PROCEDURAL BACKGROUND

This is an appeal from the trial court's dismissal of the State's condemnation suit against Bristol Hotel Asset Company (Bristol Hotel). On March 25, 1998, the appointed special commissioners held a hearing in Bristol Hotel's absence and determined the amount of damages owed for condemnation of its property. Bristol Hotel subsequently objected to the award and filed a plea to the jurisdiction. The State then filed this condemnation suit for the partial taking of Bristol Hotel's property. The trial court dismissed the State's case following a jurisdictional hearing. The State appeals. We affirm the trial court's dismissal.

FACTUAL BACKGROUND

The State began condemnation proceedings against Bristol Hotel in 1997. Special commissioners appointed by the trial court held a hearing on March 25, 1998, to determine the appropriate damages for the condemnation of Bristol Hotel's property. Bristol Hotel did not appear at this hearing. The special commissioners concluded the State should pay Bristol Hotel $196,674 for its condemnation of Bristol Hotel's property. Bristol Hotel subsequently objected to the special commissioners' finding and filed a plea to the jurisdiction, contesting proper service of notice for the hearing. Following attempted mediation, a jurisdiction hearing was scheduled for March 26, 1999, and was rescheduled for April 20, 1999. On April 16, 1999, the State moved for continuance of the hearing alleging unavailability of a key witness. The court granted the continuance on the State's agreement that its discovery responses would be "frozen" and no new witnesses would be designated. On May 24, 1999, the trial court held a jurisdictional hearing, at which the contested issues were proper service of notice of the special commissioners' hearing and whether the State engaged in good faith negotiations.

To show that the jurisdictional requirement of proper service notice had been met, the State offered for admission into evidence a certified copy of the notice of the hearing and return of service executed by Susan Kelly, an employee of the Texas Department of Transportation. Bristol Hotel objected to this admission of evidence on hearsay grounds. The trial court sustained the objection. The State then called Kelly as a witness to testify that she properly served Bristol Hotel's agent. Bristol Hotel objected to Kelly's testimony because the State had failed to name Kelly as a person with knowledge of relevant facts in answer to interrogatories and because the State had earlier agreed to designate no new witnesses. The trial court sustained the objection. The State moved for a continuance, which the trial court denied. Kelly testified in an offer of proof, attesting that she properly served J. Peter Kline, President of Bristol Hotel, with notice of the special commissioners' hearing. Following Bristol Hotel's presentation of testimony regarding attorney fees, the State again offered the notice and return of service into evidence. The trial court again sustained Bristol Hotel's hearsay objection, but allowed admission of the evidence for purposes of a bill of review. The trial court dismissed the State's condemnation suit and granted judgment in favor of

Bristol Hotel for attorney fees and costs. The State appeals.

### DISCUSSION

In its first point of error, the State contends the trial court abused its discretion by refusing the admission of documentary evidence of the return of service as hearsay. The State contends the admission of such evidence is statutorily mandated in condemnation proceedings when jurisdiction is challenged.

Each party in a condemnation proceeding is entitled to a written notice of the time and place of a commissioners' hearing, issued by the commissioners. TEX. PROP.CODE ANN. § 21.016(a) (Vernon 1984). The notice must be served on a party no later than the 11th day before the hearing by a person competent to testify, and the notice should be returned to the commissioners "on or before the day set for the hearing." *Id.* at § 21.016(b), (c). In a general judicial proceeding, an officer's return of service that is valid on its face carries a presumption of the truth of the facts stated on the return and of its regularity. *Sauve v. State*, 638 S.W.2d 608, 610 (Tex. App.-Dallas 1982, pet. ref'd). Therefore, the officer's return of service is sufficient proof of service. *See id.* However, a commissioners' hearing is not a judicial proceeding; therefore, the service of notice of such hearing is not the official duty of the sheriff or constable. *See Baird v. Sam Houston Elec. Co-op., Inc.*, 627 S.W.2d 734, 737 (Tex.App.-Houston [1st Dist.] 1981, writ dis'd)(*citing Rotello v. Brazos County Water Control & Improvement Dist.*, 574 S.W.2d 208, 210–12 (Tex.Civ.App.-Houston [1st Dist.] 1978, no writ)). Consequently, the general presumption that the sheriff or constable acted in a regular and lawful manner in effecting service does not arise in the context of service of notice of a commissioners' hearing. *See Baird*, 627 S.W.2d at 737; *Rotello*, 574 S.W.2d at 211.

If the landowner objects to an award made pursuant to a commissioner's hearing and the parties satisfy other procedural requirements, the case converts to a judicial proceeding in the trial court with the condemnor as the plaintiff and the condemnee as the defendant. *See Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex.1984). In the trial court, when jurisdiction is challenged, the party seeking condemnation has the burden of proving the landowner received proper service of notice of the commissioner's hearing. *See Anderson v. Clajon Gas Co.*, 677 S.W.2d 702, 704 (Tex.App.-Houston [1st Dist.] 1984, no writ); *see also, City of Houston v. Kunze*, 153 Tex. 42, 262 S.W.2d 947, 951 (1953). "[T]he procedures set forth in the condemnation statute must be strictly followed and its protections liberally construed for the benefit of the landowner." *John v. State*, 826 S.W.2d 138, 140 (Tex.1992). Because the presumption of proper service does not apply in the context of service of notice of a commissioner's hearing, and because the condemnation statute's purpose is to protect the landowner, when offered by itself the return of service of notice must be regarded as hearsay upon proper objection, and standing alone, the return is insufficient to raise a fact issue for the trier of fact regarding whether service of notice of the hearing was properly effected. *Baird*, 627 S.W.2d at 737. In addition, through its requirement that service be performed by a person "competent to testify," the condemnation statute, itself, requires the condemning party to prove service of notice through testimony of the person who effected service. *See* TEX. PROP.CODE ANN. § 21.016(b).

As the party seeking condemnation, the State had the burden to prove Bristol Hotel received proper service of notice of the commissioners' hearing. *See Anderson*, 677 S.W.2d at 704. The State cannot rely solely on the documentation of return of service to prove service was made in compliance with TEX. PROP.CODE

ANN. § 21.016 because such evidence is hearsay when service was executed to provide notice of a commissioner's hearing. *See Baird*, 627 S.W.2d at 737. Therefore, we conclude the trial court did not err by denying independent admission of the return of service on the basis it was hearsay evidence when offered to prove that service of notice of the commissioner's hearing was made in compliance with TEX. PROP.CODE ANN. § 21.016. The State's first point of error is overruled.

 In its second point of error, the State contends the trial court erred by excluding Kelly's testimony when offered to prove that service of notice of the commissioners' hearing was made in compliance with TEX. PROP.CODE ANN. § 21.016. The State contends the discovery rules requiring supplementation of discovery thirty days before trial should not have been applied because the jurisdictional proceeding was not a "trial" in the context of a condemnation suit. The State contends the trial court abused its discretion by excluding Kelly's testimony because Bristol Hotel would not have been prejudiced or surprised by her testimony and such exclusion resulted in an inappropriate death penalty sanction.

The State's contentions are without merit in the context of the facts of this case. The State never designated Kelly as a potential witness in any of its discovery responses, even though Bristol Hotel clearly challenged jurisdiction on the basis of lack of notice of the commissioners' hearing. As a result of the trial court granting a continuance of trial from April 20, 1999, to May 24, 1999, the State agreed that "there will be no more discovery and no more witnesses designated prior to May 24th, 1999." This agreement was inscribed on the trial court's order granting a continuance of trial. The trial court's ruling was merely an enforcement of the parties' agreement and enforcement of its previous order, not an application of the discovery rules and imposition of a death penalty sanction. Accordingly, the trial court did not abuse its discretion by excluding Kelly's testimony.

 The State further contends the trial court's failure to grant a requested continuance to allow it to designate Kelly as a witness was an abuse of discretion. The granting or denial of a motion for continuance is within the sound discretion of the trial court. *State v. Wood Oil Distributing, Inc.*, 751 S.W.2d 863, 865 (Tex.1988); *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986); *State v. Crank*, 666 S.W.2d 91, 94 (Tex.), *cert. denied*, 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984). The trial court's action will not be disturbed on appeal unless the record discloses a clear abuse of discretion. *Wood Oil*, 751 S.W.2d at 865; *Villegas*, 711 S.W.2d at 626; *Crank*, 666 S.W.2d at 94. In light of the trial court's previous continuance on the State's behalf, which resulted in its agreement to "freeze" its witness list and the length of time that expired between the filing of suit and the trial, the trial court did not abuse its discretion by denying the State's motion for continuance. The State's second point of error is overruled.

The judgment of the trial court is affirmed.