The STATE of Texas, Petitioner,

v.

BRISTOL HOTEL ASSET COMPANY, Nomura Asset Capital Corporation, and Comptroller of Public Accounts, Respondents.

No. 00–1146.

Supreme Court of Texas.

Argued Oct. 10, 2001.

Nov. 29, 2001.

As Corrected on Denial of Rehearing Feb. 14, 2002.

Jeffrey S. Boyd, Ronda Leigh Neff, Cavitt Wendlandt, Office of Atty. Gen., John Cornyn, Atty. Gen., Andy Taylor, Locke Liddell & Sapp, Grady Click, Office of Atty. Gen., Howard G. Baldwin, Deputy Atty. Gen., Susan Desmarais Bonnen, Office of Atty. Gen., Austin, for petitioner.

John N. McClish, Womack & McClish, Austin, Linda J. McKinnis, CT Corp. Systems, Dallas, for respondents.

Justice ENOCH delivered the opinion of the Court, in which Chief Justice PHILLIPS, Justice HECHT, Justice OWEN, Justice O'NEILL, and Justice JEFFERSON join.

The issue in this case is whether an executed return of service filed with the special commissioners in administrative condemnation proceedings is evidence that notice of the hearing before the special commissioners was properly served. We conclude that, like a return of service of a citation or a certificate of service in judicial proceedings, a return of service of notice in administrative condemnation proceedings that satisfies the statutory requirements is prima facie evidence of the facts recited therein. Thus, the court of appeals erred in affirming the trial court's judgment dismissing this case.[1] We therefore reverse the court of appeals' judgment and remand this case to the trial court for further proceedings consistent with this opinion.

In 1997, the State began condemnation proceedings against Bristol Hotel Asset Company and others, seeking to acquire a ten-foot wide strip of land for a road project. On March 25, 1998, special commissioners appointed by the trial court held a hearing to determine the damages resulting from the condemnation. More than eleven days before the hearing, the commissioners issued notice to each party of the date, time and place for the hearing, as required by the Property Code.[2] The return of service stated:

The (attached) Notice came to my hand on the 17th day of February, 1998, at 10 o'clock A.M., and I served it at 11:25 o'clock A.M. on the 26th day of February, 1998, at 14295 Midway Rd., Dallas, TX 75244 by delivering a copy of the same, by _____ to J. Peter Kline, President, Agent for Service for Bristol Hotel Asset Company, Fee Owner, together with a copy of the First Amended Petition attached thereto.

I am a person competent to testify.

The return was signed and sworn to before a notary public by Susan Kelly, a Texas Department of Transportation employee.

Bristol did not appear at the commissioners' hearing, although Bristol acknowledges being aware of the hearing several days before it took place. After taking evidence, the commissioners awarded Bristol $196,674. Thereafter, Bristol filed objections to the award and a verified plea to the jurisdiction in the trial court. Bristol's plea to the jurisdiction alleged that it had not been properly served with notice of the commissioners' hearing, and that the State failed to engage in good faith negotiations.

A hearing on Bristol's plea to the jurisdiction was set for April 20, 1999. On April 16, the State requested a continuance. After the parties agreed that all discovery responses would be "frozen" and no new witnesses would be designated, the trial court reset the hearing for May 24.

At the hearing, the State offered the executed return of service from the commissioners' file as proof that Bristol had been properly served with notice of the commissioners' hearing. The trial court sustained Bristol's objection to the notice as hearsay. The State then attempted to call Susan Kelly to testify to the facts contained in the return. Bristol objected to Kelly's testimony because the State had

---

1. 30 S.W.3d 418, 420–21.

2. TEX. PROP. CODE § 21.016(b).

not identified her in its interrogatory answers as a person with relevant knowledge and had agreed not to designate any new witnesses. The trial court again sustained the objection and denied the State's request for a continuance. Thereafter, the trial court allowed Kelly to testify in an offer of proof, and also allowed the State to introduce the return for bill of review purposes. After hearing testimony from Bristol on its attorneys' fees, the trial court dismissed the condemnation suit and rendered judgment for Bristol for its attorneys' fees and costs.

The State appealed, arguing that the trial court abused its discretion by refusing to admit the return as evidence of service, and further erred when it excluded Kelly's testimony. The court of appeals affirmed the trial court's judgment, concluding that "[t]he State cannot rely solely on the documentation of return of service to prove service was made ... because such evidence is hearsay when service was executed to provide notice of a commissioner's hearing." [3] The court of appeals relied on *Baird v. Sam Houston Electric Cooperative, Inc.*[4] and *Rotello v. Brazos County Water Control & Improvement District No. 1*[5] for the proposition that the presumption of proper service that attaches to a return of service of citation in a judicial proceeding does not attach to a return in the context of service of notice of a commissioners' hearing.[6] Rather, the court stated, the condemnor must prove proper service through the testimony of the person effecting service.[7] Further determining that the trial court did not err when it excluded Kelly's testimony, the court of appeals affirmed the trial court's judgment.

We granted the State's petition for review to determine the requirements for proof of notice in a condemnation proceeding. The State argues that: 1) the return should have been admitted as prima facie evidence that notice was served; 2) the trial court abused its discretion in refusing to admit Kelly's testimony because Bristol would not have been surprised or prejudiced by that testimony even though the State had not identified her in its interrogatory answers; and 3) the trial court abused its discretion by dismissing the case without considering the standards for death penalty sanctions set forth in *Trans-American Natural Gas Corporation v. Powell.*[8] Because of our resolution of the first issue, we do not reach the other two. Neither the trial court nor the court of appeals addressed the good-faith negotiations issue that Bristol asserted in its plea, and that issue is not before us.

▮ Proceedings to condemn land are special in character, and the party attempting to establish its right to condemn must show strict compliance with the law authorizing private property to be taken for public use.[9] Currently, that law is set out in Chapter 21 of the Texas Property Code. A condemnation proceeding begins when the condemnor files a petition with the appropriate trial court.[10] After the

---

3. 30 S.W.3d at 420–21.

4. 627 S.W.2d 734, 737 (Tex.App.—Houston [1st Dist.] 1981, writ dism'd).

5. 574 S.W.2d 208, 210–12 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

6. 30 S.W.3d at 420.

7. *Id.*

8. 811 S.W.2d 913 (Tex.1991).

9. *City of Houston v. Kunze,* 153 Tex. 42, 262 S.W.2d 947, 951 (1953); *Parker v. Fort Worth & Denver City Ry. Co.,* 84 Tex. 333, 19 S.W. 518, 519 (1892).

10. Tex. Prop.Code § 21.012(a).

petition is filed, the trial court appoints three special commissioners to assess the condemnee's damages.[11] The commissioners must schedule a hearing.[12] All parties to the proceeding are entitled to notice of the time and place of the hearing, which must be served not later than eleven days before the hearing date.[13] Anyone competent to testify may serve notice, and must return the original notice plus a return of service to the commissioners on or before the hearing date.[14] Unless notice has been properly served in accordance with the statute, the commissioners have no jurisdiction to assess damages or do anything that would declare a condemnation of the property.[15]

A party may challenge the commissioners' findings by filing written objections with the trial court.[16] Here, Bristol did so, challenging the commissioners' jurisdiction on the grounds that Bristol had not been properly notified of the commissioners' hearing. It is the State's burden to prove notice in compliance with the statute in order to establish the commissioners' jurisdiction.[17]

The requirement that notice of the commissioners' hearing be served finds a parallel in ordinary judicial proceedings with the requirement that citation be properly served on the defendant.[18] The person completing service must execute a verified return of service, which must be filed with the court.[19] The return of service in judicial proceedings "has long been considered prima facie evidence of the facts recited therein." [20]

Bristol argues, citing the Houston court of appeals' opinions in *Baird* and *Rotello*, that because the commissioners' proceedings are administrative rather than judicial, and because service of notice of the commissioners' hearing is not an official duty of the sheriff or constable, the return of service in this case is not entitled to the same weight as a return of service of a citation.[21] But this distinction is not persuasive. Under our civil procedure rules, a citation need not be served by a sheriff or constable. It can be served by anyone over eighteen whom the court has authorized to do so, as long as the person is not a party and has no interest in the suit's outcome.[22] Thus, a citation is issued by the court and served by someone authorized by the court. Similarly, the commissioners, who are court-appointed, issue the notice of hearing, which by statute may be served by anyone competent to testify.[23] In either circumstance, the effect is exactly the same—service is performed at the state's direction and with the state's authorization. Consequently, the return in this case, which was executed by a person competent to testify and sworn to before a notary public, is entitled to be treated the

11. *Id.* § 21.014.

12. *Id.* § 21.015(a).

13. *Id.* § 21.016(a), (b).

14. *Id.* § 21.016(b), (c).

15. *Kunze,* 262 S.W.2d at 951; *Parker,* 19 S.W. at 519.

16. Tex. Prop.Code § 21.018(a).

17. *See Parker,* 19 S.W. at 519.

18. *See* Tex.R. Civ. P. 99(c); *see also* Tex. Civ. Prac. & Rem.Code § 17.027(c).

19. Tex.R. Civ. P. 107.

20. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994).

21. *See Baird,* 627 S.W.2d at 737; *Rotello,* 574 S.W.2d at 211.

22. Tex.R. Civ. P. 103.

23. *See* Tex. Prop.Code § 21.016(b).

same as a return in a judicial proceeding, at least to the extent of establishing prima facie that service occurred.[24] We therefore disapprove of *Baird* and *Rotello* to the extent that they hold otherwise.

The only potentially significant distinction between return of a citation and the return in condemnation proceedings is that the former must be verified while the latter need not be.[25] In this regard, we note Texas Rule of Civil Procedure 21a, which prescribes the methods for serving all notices and other papers in a judicial proceeding aside from the citation. This Rule specifically permits "a party to the suit, an attorney of record, a sheriff or constable, or ... any other person competent to testify" to effect service.[26] A certificate completed by a party or an attorney of record, or an affidavit of any person showing service, "shall be prima facie evidence of the fact of service."[27] Like the Property Code, Rule 21a permits service by any person competent to testify. Also like the Property Code, Rule 21a does not require that a certificate of service be verified. Nonetheless, under the Rule such a certificate provides prima facie evidence of service. We see no meaningful distinction between a certificate of service in a judicial proceeding and the return of notice here, and therefore conclude that both should be entitled to the same weight.

We therefore hold that a return of service of notice of a commissioners hearing that strictly complies with section 21.016 of the Property Code is prima facie evidence that the condemnee has been served with the notice in compliance with the statute. When the State introduces such a return, the condemnee must offer evidence that it was not served to raise a fact issue.

Our opinion in *City of Houston v. Kunze* does not compel a different result. There, we stated that "recitations contained in the decree of condemnation and other orders" did not prove that the condemnee had been properly served with notice of the commissioners' hearing.[28] In *Kunze,* the city relied solely on the condemnation award, which stated that notice had been duly served and the condemnee appeared through his attorney, as proof of service.[29] The city did not offer an executed, sworn return of service.[30] Likewise in *Parker v. Fort Worth & Denver City Railway Company* we only considered the effect of the declarations contained in the report of the commissioners and in the decree of condemnation.[31] We therefore have not had the occasion to consider the evidentiary effect of a return of service, nor have we decided what that effect would be. The dissent simply misleads the reader by citing both *Kunze* and *Parker* and asserting they hold that the State may not rely on "documents in the court's file"—a circumstance not considered by the Court.[32]

Moreover, *Kunze* and our holding today are consistent with the rule regarding proof of service in a collateral attack on a default judgment. When a defendant contests a default judgment on the grounds that he was not properly served,

**24.** *See, e.g., Parks v. City of Waco,* 274 S.W. 1006, 1008 (Tex.Civ.App.—Waco 1925, no writ).

**25.** *Compare* Tex.R. Civ. P. 107, *with* Tex. Prop. Code § 21.016(c).

**26.** Tex.R. Civ. P. 21a.

**27.** *Id.*

**28.** 262 S.W.2d at 951.

**29.** *See id.* at 949.

**30.** *Id.* at 951.

**31.** 19 S.W. at 519.

**32.** 65 S.W.3d at 647 (Baker, J., dissenting).

recitations in the judgment will not prove service when the record contains no independent evidence of service, such as a return.[33] The return in this case is not simply a recitation in the commissioners' award. Rather, it is independent evidence of proper service.

Bristol further argues that section 21.016(b)'s requirement that the person who serves notice of the commissioners' hearing must be competent to testify means the Legislature intended that the only way service could be proved was through that person's testimony. The State counters that the phrase "competent to testify" defines the class of people who may serve notice, not the manner of proving service. The State analogizes the statute to Texas Rule of Appellate Procedure 52.3, which requires a person "competent to testify" to verify the factual allegations in a petition for an original proceeding,[34] noting that the Rule obviously does not contemplate live testimony in such a proceeding. Moreover, the State maintains, if we adopt Bristol's reading of the statute, condemnees can too easily challenge the commissioners' jurisdiction every time a person outside the court's subpoena power serves notice of a commissioners' hearing. This happens frequently, according to the State, when the State must serve notice on condemnees who live hundreds of miles from the land to be condemned.

We agree with the State that the phrase "competent to testify" in Property Code section 21.016(b) does not mean that service can only be proven by testimony from the person who completed service. Indeed, requiring the person to be "competent to testify" insures that a properly executed return can replace live testimony,

for it could not do so if the person completing the return were not competent to testify to the circumstances under which the notice was served. Further, there is no obvious policy reason for requiring live testimony about service in every condemnation proceeding in which service is challenged. Rather, such a requirement could provoke an explosion in such challenges, if for no better reason than that the condemnee suspects that the condemnor will not be able to produce the person who completed service.

Bristol next argues that the return in this case does not strictly comply with the Property Code, because it contains a blank that was not filled in, and does not clearly state that the notice was hand-delivered. Bristol does not argue that J. Peter Kline, identified in the return as Bristol's agent for service, was not in fact its agent for that purpose. The State responds that hand-delivery to Mr. Kline can be inferred from the rest of the return's language. We think it is not necessary to draw inferences from the return. Section 21.016(c) of the statute specifies that the return must state "how and when [the notice] was served."[35] Section 21.016(d) describes how notice may be served. The only method relevant to this case is "by delivering a copy of the notice to the party or to the party's agent or attorney[.]"[36] This is precisely what the return states was done: Susan Kelly delivered a copy of the notice to Mr. Kline as Bristol's agent for service on February 26, 1998, at 14295 Midway Road, Dallas, Texas, at 11:25 a.m. The return thus comports with the statute, and the trial court should have admitted it as prima facie evidence that the notice had been properly served.

. *Flynt v. City of Kingsville,* 125 Tex. 510, 82 S.W.2d 934, 934–35 (1935).

. Tex.R.App. P. 52.3.

. Tex. Prop.Code § 21.016(c).

. *Id.* § 21.016(d)(1).

Thus, the State has established prima facie that Bristol was served in compliance with the statute. Bristol must therefore introduce evidence that it was not served in order to create a fact issue. Because the return should have been admitted, the court of appeals erred when it concluded otherwise. We therefore reverse the court of appeals' judgment and remand this case to the trial court for further proceedings consistent with this opinion.

Justice BAKER filed a dissenting opinion, in which Justice HANKINSON and Justice RODRIGUEZ join.

Justice BAKER dissenting, joined by Justice HANKINSON and Justice RODRIGUEZ.

The Court states that we granted "the State's petition to determine the requirements for proof of notice in a condemnation proceeding." What the Court should have said is that the Court granted the State's petition to change over one-hundred years of condemnation law about the requirements the State must meet to prove service of the commissioners' hearing notice and thus jurisdiction in a condemnation proceeding. The $94,000 dollar question is: Why?

\*   \*   \*   \*   \*   \*

This condemnation case involves whether the trial court correctly granted the landowner's plea to the jurisdiction on the ground that the State did not prove it properly served notice of the special commissioners' hearing on Bristol. The Court is asked to decide:

- whether, over a hearsay objection, a return of service of the notice of special commissioners' hearing is admissible as *prima facie* evidence to show the truth of its contents;
- whether the trial court abused its discretion by excluding testimony from

the State's witness because the State did not timely identify her in its discovery responses; and

- whether the trial court entered an impermissible death-penalty sanction by excluding testimony from the State's witness and dismissing the case for want of jurisdiction.

Applying our well-established condemnation law, the Court should conclude that: (1) the return's contents constitute hearsay and, therefore, the trial court did not abuse its discretion by sustaining the landowner's hearsay objection and excluding the return from evidence; (2) the trial court did not abuse its discretion by excluding testimony from the State's witness because the State failed to timely identify her as a witness; and (3) the trial court did not enter a "death-penalty" sanction order because of its evidentiary rulings and decision to dismiss the case. Because the Court concludes otherwise, I dissent.

## I. BACKGROUND

The Court's opinion omits certain pertinent facts, and, in doing so, ignores that the State caused its evidentiary problems and the resulting judgment dismissing its suit. In April 1998, Bristol objected to the commissioners' award and filed its plea to the jurisdiction based on its claim that it did not receive proper notice of the commissioners' hearing. Bristol set the jurisdictional hearing for January 22, 1999, but agreed to pass the hearing upon the State's request that the parties mediate. After the State indicated that it no longer wanted to mediate, Bristol reset the hearing for March 26, 1999. Because of a conflict, the trial court rescheduled the hearing for April 20, 1999.

On April 16, 1999, the State moved to continue the hearing, alleging a key witness's unavailability. Bristol opposed the motion for continuance. But the trial

court granted the State's motion and reset the hearing for May 24, 1999. The order granting the continuance also stated that the "parties agreed there will be no more discovery and no more witnesses designated prior to May 24, 1999." Bristol filed its plea to the jurisdiction and objections to the special commissioners' award in April 1998, more than one year before the jurisdictional hearing. Accordingly, for this entire time, the State knew it had the burden to prove jurisdiction to overcome Bristol's claim for lack of service of the commissioners' hearing notice.

Moreover, during oral argument, the State conceded that it redesigned the project and completed its construction, so it no longer needs to condemn Bristol's land. Accordingly, whether the State can condemn Bristol's land is no longer an issue in this litigation. The sole remaining issue is whether the State can avoid the trial court's judgment awarding Bristol $94,000 in attorneys' fees, expert-witness fees, miscellaneous expenses, and court costs.

## II. THE PARTIES' CONTENTIONS

The State contends that in a hearing on a landowner's plea to the jurisdiction, the notice of commissioners' hearing and attached return of service are admissible as *prima facie* evidence that the notice was properly served. The State's principal argument is that the notice of hearing and return of service are statutorily mandated so that when jurisdiction is challenged, the trial court should admit the notice and return as *prima facie* proof of jurisdiction even in the face of a hearsay objection. Moreover, the State contends that section 21.016's requirement that a "person competent to testify" serve the notice only identifies the class of persons who can serve notice and does not suggest that, as the court of appeals concluded, the State

must prove notice through that person's testimony. *See* 30 S.W.3d at 420.

Additionally, the State contends the trial court abused its discretion by refusing to allow Kelly, the State's employee who served the notice of commissioners' hearing on Bristol, to testify. Relying on our Rules of Civil Procedure, the State asserts the trial court's ruling was wrong because: (1) a hearing on a plea to the jurisdiction is not a trial for discovery purposes and, therefore, Rule 193.5's presumption that discovery supplemented less than thirty days before trial does not apply; and (2) the record affirmatively shows Bristol would not be surprised or prejudiced by allowing such testimony under Rule 193.6. Finally, the State argues that the trial court's refusing to allow Kelly to testify and dismissing the State's suit for want of jurisdiction amounted to an impermissible death-penalty sanction.

In response, Bristol argues that the return of service of the notice of commissioners' hearing is not *prima facie* evidence of proper notice. Bristol contends that the traditional presumptions of regularity that attach to an officer's formal return of citation do not apply to a return of service of notice of hearing in a condemnation proceeding, and the State did not meet its burden to prove strict compliance with the Property Code's procedural requirements.

Moreover, Bristol argues that the trial court did not abuse its discretion by excluding Kelly's testimony because the State never timely designated Kelly as a person with knowledge of relevant facts. Bristol points out that the State had over a year to designate Kelly, knowing Bristol had objected to jurisdiction based on improper notice. And, Bristol relies on the parties' Rule 11 agreement that they would not designate any new witnesses. Finally, Bristol contends that the trial court's rulings that excluded Kelly's testi-

mony and dismissed the case for lack of jurisdiction do not amount to death-penalty sanctions, because the condemnation suit was dismissed without prejudice and thus the State could have immediately refiled its action.

## III. APPLICABLE LAW

### A. CONDEMNATION SUIT—JURISDICTIONAL REQUIREMENTS

Our Legislature has enacted a comprehensive statutory scheme that governs the State's eminent-domain power, and the jurisdictional requirements the State must meet before it can condemn property. TEX. PROP.CODE §§ 21.001–.065; TEX. TRANSP. CODE § 203.051. In Texas, the State's filing a condemnation petition begins the legal proceedings by which the State acquires private property for public use. TEX. PROP.CODE § 21.012. A condemnation action is divided into two distinct stages. The first stage is administrative and involves a hearing before three special commissioners appointed by the trial court where the State files its condemnation petition. *See* TEX. PROP.CODE §§ 21.014–.015; *Patrick Media Group, Inc. v. Dallas Area Rapid Transit*, 879 S.W.2d 375, 376 (Tex. App.—Eastland 1994, writ denied). After a hearing, the commissioners make findings and determine the condemnation-damages award. TEX. PROP.CODE §§ 21.014, 21.018. The commissioners' hearing "is neither a suit at law nor a case in equity." *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 937 (1958) (quoting *Fortune v. Killebrew*, 86 Tex. 172, 23 S.W. 976, 978 (1893)). It is not until a party objects to the commissioners' award, or the time for objecting expires, that the case proceeds to the second stage as a judicial proceeding in the trial court. *See* TEX. PROP.CODE § 21.018; *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex.1984); *Pearson*, 315 S.W.2d at 937.

Our condemnation jurisprudence mandates that the landowner receive notice of the condemnation hearing in strict compliance with the statutory requirements. *City of Houston v. Kunze*, 153 Tex. 42, 262 S.W.2d 947, 951 (1953); *Parker v. Fort Worth & Denver City Ry. Co.*, 84 Tex. 333, 19 S.W. 518, 519 (1892); *McIntyre v. Luker*, 77 Tex. 259, 13 S.W. 1027, 1028 (1890). Under the Property Code, each party is entitled to written notice of the time and place of the commissioners' hearing, served at least eleven days before the hearing by a person competent to testify. TEX. PROP.CODE § 21.016.

A person is competent to testify unless the court determines he or she is (1) "insane" as our rules of evidence define, or (2) a child or any other person who the court finds "does not possess sufficient intellect" to testify. TEX.R. EVID. 601. Moreover, a person is not competent to testify about a matter unless evidence shows the person has personal knowledge of that matter. TEX.R. EVID. 602; *see also Loper v. Andrews*, 404 S.W.2d 300, 305 (Tex.1966); *Strickland Transp. Co. v. Ingram*, 403 S.W.2d 192, 195 (Tex.Civ.App.—Texarkana 1966, writ dism'd). The person who serves the notice must return the original notice to the commissioners on or before the hearing date, and that person shall write a return of service on the notice that states how and when the notice was served. TEX. PROP.CODE § 21.016(c).

Absent the landowner's waiver or stipulation, the State has the burden to prove exact adherence with the Property Code's condemnation-proceeding requirements to demonstrate jurisdiction. *See Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex.1962); *Kunze*, 262 S.W.2d at 951; *Parker*, 19 S.W. at 519. Thus, if notice of the commissioners' hearing was never properly served under the Property Code, the commissioners' condemnation-damages

award is invalid and the trial court lacks jurisdiction. *Kunze,* 262 S.W.2d at 951; *Parker,* 19 S.W. at 519; *McIntyre,* 13 S.W. at 1028; *Anderson v. Clajon Gas Co.,* 677 S.W.2d 702, 704 (Tex.Civ.App.—Houston [1st Dist.] 1984, no writ); *Maberry v. Pedernales Elec. Coop.,* 493 S.W.2d 268, 270 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.); *Bowie County v. Powell,* 66 S.W. 237, 237–38 (Tex.Civ.App.1901, no writ).

In meeting its burden to prove proper notice and thus jurisdiction in a condemnation proceeding, the State may not rely solely on recitations in the commissioners' award or other documents in the court's file, including the return itself. *Kunze,* 262 S.W.2d at 951; *Parker,* 19 S.W. at 519. And, if the State does not prove effective notice, the trial court must dismiss the proceeding:

> Inasmuch as condemnation proceedings are special in their character and involve a summary taking of property from its owner, it is the settled rule that they must be conducted in strict accordance with the governing statutes. It follows that condemnation proceedings in which the statutes have been ignored are wholly void, and, when the occasion therefor arises, the court will hold them to be void of its own motion.

*State v. Davis,* 139 S.W.2d 638, 640 (Tex. Civ.App.—Eastland 1940, writ dism'd) (quoting 16 TEX. JUR. 700 § 95); *see also Kunze,* 262 S.W.2d at 951; *McIntyre* 13 S.W. at 1028. We liberally construe the Property Code's protections for the landowner's benefit. *John v. State,* 826 S.W.2d 138, 140 (Tex.1992). If the trial court grants a landowner's motion to dismiss based on the State not having a right to condemn the land, it may award the landowner "reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing or judgment." TEX. PROP.CODE § 21.019(c).

## B. EVIDENTIARY ISSUES— STANDARD OF REVIEW

The trial court determines preliminary questions about admitting or excluding evidence. TEX.R. EVID. 104(a). Whether to admit or exclude evidence is a matter committed to the trial court's sound discretion. *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995); *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989). A trial court abuses its discretion when it acts without regard to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). Whether a trial court abused its discretion in making an evidentiary ruling is a question of law. *Jackson v. Van Winkle,* 660 S.W.2d 807, 810 (Tex.1983).

## C. DEATH PENALTY SANCTIONS

This Court defines "death-penalty" discovery sanctions as sanctions that terminate a party's right to present the merits of its claims. *See Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 845 (Tex.1992). Such sanctions include striking a party's pleadings, dismissing its action, or rendering a default judgment against a party for abusing the discovery process. *See, e.g., TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917–18 (Tex.1991). A death-penalty sanction adjudicates a party's claims without regard to their merits and is based on the party's conduct during discovery. *TransAmerican,* 811 S.W.2d at 918. In other words, a sanction order is a death-penalty sanction only if it precludes a party from adjudicating the merits of his or her claims because of the party's discovery abuses. *TransAmerican,* 811 S.W.2d at 918.

## IV. ANALYSIS

Bristol contested the State's right to condemn its property by filing a verified plea to the jurisdiction. Thus, under our condemnation law, the State had the burden to prove strict compliance with all the procedural steps necessary for the commissioners' award to be valid and for the trial court to have jurisdiction. *See Kunze,* 262 S.W.2d at 951; *Parker,* 19 S.W. at 519; *McIntyre,* 13 S.W. at 1028; *Anderson,* 677 S.W.2d at 704; *Maberry,* 493 S.W.2d at 270; *Davis,* 139 S.W.2d at 640; *Powell,* 66 S.W. at 237–38. And if the State's proof was insufficient, the trial court correctly dismissed the proceeding for want of jurisdiction. *See Kunze,* 262 S.W.2d at 951; *McIntyre,* 13 S.W. at 1028.

The State recognizes that "notice of the commissioners' hearing is not citation or process, it is simply notice." Despite this acknowledgment, the State argues that the return of service of the notice of commissioners' hearing should be *prima facie* evidence that notice was served, just as a return of service of process in an ordinary judicial proceeding is treated. Ignoring that our condemnation law already sets out the State's burden of proof for the strict jurisdictional requirements in these special proceedings, the Court agrees with the State.

But anything more than the Court's cursory analysis shows that the procedures for serving notice of the commissioners' hearing are nothing like those for serving citation, which, in an ordinary judicial proceeding, provide a defendant with notice of suit. *See Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994). In an ordinary judicial proceeding, the court's clerk issues a citation as an official court document. *See* Tex.R. Civ. P. 99. No party or other interested person is authorized to serve the citation; only a sheriff, constable, or other person authorized by law or court order may do so. *See* Tex.R. Civ. P. 103. Additionally, the officer serving the citation must verify the return of service. *See* Tex.R. Civ. P. 107.

In an ordinary judicial proceeding, an officer's return of service that meets all procedural requirements is valid on its face and carries a presumption of the truth of the facts stated on the return and a presumption of its regularity. *See Sauve v. State,* 638 S.W.2d 608, 610 (Tex.App.—Dallas 1982, writ ref'd). The return of service is *prima facie* evidence of service because our procedural rules ensure that independent, uninterested, and legally authorized persons serve process and verify the return. *See* Tex.R. Civ. P. 103, 107. Therefore, in an ordinary judicial proceeding, unless the party contesting service presents a preponderance of evidence to the contrary—for example the party's testimony along with corroborating facts or circumstances—the officer's return of service is sufficient proof that the citation and petition were properly served. *See Ward v. Nava,* 488 S.W.2d 736, 738 (Tex.1972); *Sauve,* 638 S.W.2d at 610.

In contrast, the Property Code explicitly governs how notice of the commissioners' hearing, an administrative proceeding, is issued and served in a condemnation proceeding. *See* Tex. Prop.Code § 21.016; *Pearson,* 315 S.W.2d at 937; *Fortune,* 23 S.W. at 978. The commissioners issue a notice of hearing, which any "person competent to testify may serve." Tex. Prop. Code § 21.016(b). The Property Code does not require that the return of service be verified. Thus, serving notice of the hearing is not a sheriff's or constable's official duty, and a court order authorizing any other person to effect such service is unnecessary. *Baird v. Sam Houston Elec. Coop., Inc.,* 627 S.W.2d 734, 737 (Tex. App.—Houston [1st Dist.] 1981, writ dism'd); *Rotello v. Brazos County Water*

*Control & Improvement Dist.*, 574 S.W.2d 208, 210–12 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

In sum, during a condemnation action's administrative stage, any person competent to testify, even an interested person such as the State's employee, Kelly, may serve notice of the commissioners' hearing and return the service without verifying the return. Because of the statutory scheme, courts have recognized that the presumption in ordinary judicial proceedings—that the sheriff, constable, or other person authorized to serve process acted in an ordinary and lawful manner—does not arise when determining if a landowner in a condemnation proceeding received notice of the commissioners' hearing. *Baird*, 627 S.W.2d at 737; *Rotello*, 574 S.W.2d at 211. Consequently, the return of service of the commissioners' hearing notice must be regarded as hearsay upon proper objection, and, standing alone, the return is not evidence that service of the notice was proper. *Baird*, 627 S.W.2d at 737; *Rotello*, 574 S.W.2d at 211. This is because the return's contents constitute a statement other than one the declarant made while testifying at the trial or hearing, and the statement is offered into evidence to prove the truth of the matter asserted. *See* Tex.R. Evid. 801(d).

The special nature of a condemnation proceeding further demonstrates why the Court should not liken the return of service of the commissioners' hearing notice to a return of service of citation in an ordinary judicial proceeding. And, such special nature supports our concluding that the State must present independent admissible evidence to prove the notice was duly and legally served. *Kunze*, 262 S.W.2d at 951; *Parker*, 19 S.W. at 519. This Court has long recognized that a proceeding to condemn land is special in character. *Kunze*, 262 S.W.2d at 951; *Parker*,

19 S.W. at 519; *McIntyre*, 13 S.W. at 1028. Article 1, section 17 of our Constitution provides that "[n]o person's property shall be taken … for or applied to public use without adequate compensation being made…." Thus, condemnation proceedings implicate constitutional concerns and protections. *See City of Houston v. Derby*, 215 S.W.2d 690, 692 (Tex.Civ.App.—Galveston 1948, writ ref'd). Indeed, the State's eminent-domain power, which "could be exercised very oppressively, ought to be, and is, very strictly regulated." *Derby*, 215 S.W.2d at 692. This is why we liberally construe the Property Code's protections for the landowner's benefit. *John*, 826 S.W.2d at 140. And it explains our long-standing jurisprudence that if the State fails to show strict compliance with the Property Code's procedural requirements, the trial court must dismiss the case. *See Kunze*, 262 S.W.2d at 951; *Parker*, 19 S.W. at 519; *McIntyre*, 13 S.W. at 1028; *Davis*, 139 S.W.2d at 640.

Here, the return of service of the commissioners' hearing notice shows that Kelly, the State's employee, served the notice and verified the return. But, because the Property Code does not afford Bristol the same protections of service by an uninterested, legally authorized person as in an ordinary judicial proceeding, the Court cannot attribute the presumption of validity of service of citation to the return of service here. When the State tried to introduce the return as evidence of proper notice, Bristol made a timely hearsay objection. Under Texas' condemnation law, the trial court correctly sustained Bristol's objection. *See Kunze*, 262 S.W.2d at 951; *Parker*, 19 S.W. at 519; *McIntyre*, 13 S.W. at 1028; *Baird*, 627 S.W.2d at 737; *Rotello*, 574 S.W.2d at 211; *Davis*, 139 S.W.2d at 640. The State argues the trial court abused its discretion in making this ruling because a hearsay exception applies to the return of service of notice of the commis-

sioners' hearing. At oral argument, the State relied on rule 803(8) of the Rules of Evidence, which provides a hearsay exception for:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth: (A) the activities of the office or agency; (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding in criminal cases matters observed by police officers and other law enforcement personnel; or (C) in civil cases as to any party and in criminal cases as against the state, factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness.

Tex.R. Evid. 803(8). The State contends that its employee's executing the return and filing it with the commissioners and the court records made the return a public record within rule 803(8)'s meaning. But this argument lacks merit. Carrying the State's contention to its logical end, any paper filed by any person in any lawsuit would become admissible evidence merely because it was filed with the court.

Further, the State incorrectly contends that "competent to testify" in Property Code section 21.016 has no meaning beyond identifying the class of persons who can serve the notice. To the contrary, our rules of evidence and case law demonstrate that competency to testify speaks to whether a trial court may admit a person's testimony as evidence after determining that the person is not insane or a child or other person who the court finds does not have sufficient intellect to testify. *See* Tex.R. Evid. 601, 602; *Loper,* 404 S.W.2d at 305; *Strickland Transp. Co.,* 403 S.W.2d at 195. And, more importantly, a person is competent to testify only if he or

she has personal knowledge about the facts related. *See* Tex.R. Evid. 601, 602; *Loper,* 404 S.W.2d at 305; *Strickland Transp. Co.,* 403 S.W.2d at 195. Therefore, section 21.016's explicit language requiring that a person competent to testify serve notice, demonstrates that testimony about service and not just the return itself is required to prove jurisdiction. Here, the return's contents constitute hearsay, and the only person who has personal knowledge about service is the person who served it—in this case, Kelly.

Additionally, the State misplaces its reliance on *Sauve v. State,* 638 S.W.2d at 608. That case is readily distinguishable. *Sauve* involves a juvenile's trial as an adult in a criminal district court. Specifically, the court of appeals considered whether a juvenile probation officer properly served a citation of a transfer proceeding in the juvenile court on the defendant. *Sauve,* 638 S.W.2d at 608. At the time, the Family Code required that service be made by any suitable person under the court's direction. *Sauve,* 638 S.W.2d at 610. Even though he conceded being served with process, the defendant argued that the criminal district court lacked jurisdiction over him because the juvenile court had not issued a formal written order directing the probation officer to serve the citation of the transfer proceeding. *Sauve,* 638 S.W.2d at 609. In rejecting this argument, the court of appeals relied on the general rule that an officer's return which is valid on its face carries the presumption of the truth of the facts stated on the return and of regularity. *Sauve,* 638 S.W.2d at 610. Because of this presumption, the court of appeals concluded that a written order was unnecessary because a presumption exists that the probation officer would not have executed service unless the court had directed him to do so. *Sauve,* 638 S.W.2d at 610.

Here, however, the issue is whether Bristol received proper notice of the commissioners' condemnation hearing—not a juvenile proceeding—and the Property Code, not the Family Code, provisions apply. Moreover, unlike juvenile proceedings, condemnation proceedings place the burden on the State to show notice was properly served. *Compare Kunze,* 262 S.W.2d at 951, *Parker,* 19 S.W. at 519, *and Anderson,* 677 S.W.2d at 704 *with Sauve,* 638 S.W.2d at 610. And, as previously discussed, the Property Code's express provisions governing the notice requirements and condemnation proceedings' special nature should preclude the Court from relying on the presumption that a return of service is valid on its face in this context. But because the Court disregards these important differences, it improperly applies the presumption and concludes that the trial court abused its discretion by excluding the return from evidence.

If the Court correctly applied condemnation law to hold that the return of service is inadmissable hearsay, it would next have to consider the State's argument that the trial court abused its discretion by refusing to allow its employee, Kelly, to testify about her serving the notice on Bristol. The State urges that the discovery rules requiring discovery supplementation thirty days before trial do not apply to jurisdictional hearings and that Kelly's testimony would not have prejudiced or surprised Bristol under discovery Rule 193.6. But the State's arguments are red herrings, raised to divert the Court's attention from the actual events in this case.

The record shows the State never designated Kelly as a person with knowledge of relevant facts in any of its discovery responses. The State did not designate Kelly even though Bristol, from the beginning of the trial-court proceeding, had challenged jurisdiction on the ground that it did not receive proper notice of the commissioners' hearing. Because the jurisdictional hearing was reset several times, the State had over a year to designate Kelly. And when the trial court granted the State's motion to continue the jurisdictional hearing from April 20 to May 24, 1999, the State agreed that "there will be no more discovery and no more witnesses designated prior to May 24, 1999." Accordingly, the trial court's ruling that excluded Kelly's testimony simply enforced the parties' Rule 11 agreement and the trial court's previous order.

The State asserts that the trial court imposed the discovery freeze at Bristol's insistence and not by the parties' agreement. But the record does not support this assertion. And the State provides no evidence that it repudiated the Rule 11 agreement or objected to it in the trial court or in the court of appeals. Moreover, the State conceded during oral argument that it had not objected to or complained about the Rule 11 agreement. The State cannot now rely on our discovery rules to ignore the Rule 11 agreement. Were the Court to allow the State to do so, we would be holding the State to a different standard than other litigants. We have long recognized:

> [W]hen a State enters the Courts as a litigant, it must be held subject to the same rules that govern the other litigants, and abide the consequences of the suit. . . . When a state appears as a party to a suit, she voluntarily casts off the robes of her sovereignty, and stands before the bar of a court of her own creation in the same attitude as an individual litigant; and her rights are determined and fixed by the same principles of law and equity, and a judgment for or against her must be given the same effect as would have been given it had it

been rendered in a case between private individuals.

*Wortham v. Walker*, 133 Tex. 255, 128 S.W.2d 1138, 1145–46 (1939) (citations omitted). As a result, the Rule 11 agreement is valid and enforceable. Thus, the trial court did not abuse its discretion by excluding Kelly's testimony.

Additionally, the State's argument that the trial court's evidentiary rulings and dismissing the case for want of jurisdiction constitute a death-penalty sanction lacks merit. A death-penalty sanction only exists if the sanction terminates or inhibits a party from adjudicating its claims' merits. *Chrysler Corp.*, 841 S.W.2d at 845; *Trans-American*, 811 S.W.2d at 918.

Here, the trial court's rulings did not adjudicate the State's condemnation action on its merits. The State concedes as much in its briefing. The trial court's dismissal did not bar the State from refiling its condemnation petition and instituting the condemnation proceeding against Bristol with proper notice. Thus, the trial court's order was not a death-penalty sanction and, therefore, was not an abuse of discretion.

## V. THE COURT'S WRITING

The Court's view that the return of service of the commissioners' hearing notice is analogous to a return of citation in an ordinary judicial proceeding turns Texas' condemnation jurisprudence on its head. Although the Court recognizes that condemnation proceedings are special in character, 65 S.W.3d at 640–42, it summarily concludes that because the commissioners issue the notice, and because a person competent to testify executed the return, the return must be taken as *prima facie* evidence of proper service. The Court reasons that, in both an ordinary judicial proceeding and a condemnation proceeding, service is performed at the State's

direction and authorization; therefore, the return of service in both instances should be treated the same. But this conclusion ignores that the State is a party in a condemnation suit, not the judiciary overseeing the action. And such a conclusion disregards that here, the State's employee, not an uninterested party, served the notice.

Additionally, the Court improperly relies on Rule 21a to support its contention that such return of service should be *prima facie* evidence of service. Rule 21a expressly provides that it governs how court filings "other than the citation to be served upon the filing of a cause of action" shall be served. Tex.R. Civ. P. 21a. Further, Rule 21a is entirely different from section 21.016 of the Property Code. This is because it explicitly advises parties about how they may ensure proper service. Moreover, Rule 21a is specifically designed to facilitate how parties must serve pleadings after the parties have been served with citation and are already before the court. Tex.R. Civ. P. 21a.

Further, the Court cites no authority, legal or otherwise, for the proposition that " 'competent to testify' insures that a properly executed return can replace live testimony, for it could not do so if the person completing the return were not competent to testify to the circumstances under which the notice was served." 65 S.W.3d at 643. But just because Kelly may be competent to testify, does not make her return *prima facie* proof of service. As previously discussed, "competent to testify" refers to whether a person can give testimony about a certain matter in a proceeding. *See* Tex.R. Evid. 601, 602; *Loper*, 404 S.W.2d at 305; *Strickland Transp. Co.*, 403 S.W.2d at 195. As a result, section 21.016's requiring that a person competent to testify effect service supports our concluding that the State must offer testimo-

ny from the person with personal knowledge about service, not just the return itself, to prove notice was duly served.

Finally, the Court opines that there are no obvious policy reasons for requiring live testimony about service and that such a requirement could provoke an explosion of jurisdictional challenges because the condemnee may believe the State cannot produce the person who served the notice. 65 S.W.3d at 643. But the Court's myopic view of public policy causes it to miss the obvious policy reason behind treating the return here differently than an ordinary return of citation; that is, condemnation proceedings involve a constitutional taking. Additionally, the Court's statement simply adopts the oft-made cry, as the State makes here, that the "sky will fall" if this Court does not change existing law. For over one-hundred years, our condemnation law has required that the State prove that the statute's procedural requirements, including proper notice, were met. *See Kunze*, 262 S.W.2d at 951; *Parker*, 19 S.W. at 519; *McIntyre*, 13 S.W. at 1028; *Davis*, 139 S.W.2d at 640. Further, since *Rotello* and *Baird* issued in 1982 and 1978, respectively, I have found no other published condemnation cases in which the court had to determine if the State proved jurisdiction because it solely relied on the return, or because it failed to offer testimony from the party who served notice. Thus, for at least twenty years, there has been a dearth of condemnation cases involving jurisdictional pleas based on faulty notice of service.

### VI. CONCLUSION

Over one-hundred years of condemnation law dictates the outcome here. Remarkably, however, the Court changes this well-established law in a case in which the land the State sought to condemn is no longer an issue. And, because of this, landowners will no longer enjoy the protection in condemnation proceedings that the State must prove strict adherence to the Property Code's notice requirements to establish jurisdiction. The Court should hold that: (1) the return of service of the notice of commissioners' hearing in a condemnation case is not admissible as *prima facie* evidence of the truth of its contents in the face of a hearsay objection; (2) the trial court did not abuse its discretion by excluding testimony from the State's untimely identified witness, because the trial court enforced the parties' Rule 11 agreement to not designate any additional witnesses; and (3) the trial court's dismissal order was not a death-penalty sanction and thus, the State can refile its condemnation action against Bristol. Because the Court does not so hold, I respectfully dissent.